Ricardo VASQUEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 60496.

Court of Criminal Appeals of Texas, Panel No. 3.

Oct. 28, 1981.

Roger C. Rocha, Laredo, Robert O. Dawson, on appeal only, Austin, for appellant.

Charles R. Borchers, Dist. Atty., Sharon S. Trigo, Alonzo Z. Laurel, Jr., and Olivero E. Canales, Asst. Dist. Attys., Laredo, and Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, W. C. DAVIS and McCORMICK, JJ.

OPINION

McCORMICK, Judge.

Appellant was convicted by a jury of the offense of rape of a child. The trial court assessed punishment at two years, probated.

The record reflects that appellant and the prosecutrix were "going steady" for at least a year prior to the offense, which occurred on December 5, 1976. At that time, appellant was seventeen years old and the prosecutrix was fourteen years and nine months of age.

In his first ground of error, appellant complains that V.T.C.A. Penal Code, Section 21.09, is unconstitutional in that it violates the equal protection clause of the Fourteenth Amendment to the United States Constitution. However, at the time of oral argument, appellant waived this ground of error, citing the Court to the decisions of *Ex parte Groves*, 571 S.W.2d 888 (Tex.Cr.App.1978), and *Michael M. v. Superior Court of Sonoma County*, 450 U.S. 464, 101 S.Ct. 1200, 67 L.Ed.2d 437 (1981), which were decided subsequent to the preparation of his appellate brief and adversely to his initial position.

In his second and third grounds of error, appellant contends that both the indictment and charge to the jury were fundamentally defective in that they failed to allege or require a finding that appellant *knew* the prosecutrix was under the age of seventeen. The indictment, in pertinent part, alleges:

"... did, then and there knowingly have sexual intercourse with [prosecutrix] and at the time of said sexual intercourse [prosecutrix] was a female younger than seventeen years of age and was not the wife of the said RICARDO VASQUEZ."

The court submitted a charge to the jury in terms consistent with the indictment.

This Court has previously held that, in order to establish criminal responsibility for the offense of rape of a child, the State must allege and prove that the defendant acted intentionally, knowingly, and recklessly. *Ex parte Smith*, 571 S.W.2d 22 (Tex.Cr.App.1978). The indictment and charge before us sufficiently requires the State to show appellant knowingly engaged in the sexual intercourse. Clearly, it does not require the State to show that appellant knew the victim to be younger than seventeen, but, contrary to appellant's contentions, such is not required.

Section 21.09, supra, provides:

"(a) A person commits an offense if he has sexual intercourse with a female not his wife and she is younger than 17 years.

"(b) It is a defense to prosecution under this section that the female was at the time of the alleged offense 14 years or older and had, prior to the time of the alleged offense, engaged promiscuously in sexual intercourse or deviate sexual intercourse.

"(c) It is an affirmative defense to prosecution under this section that the actor was not more than two years older than the victim.

"(d) An offense under this section is a felony of the second degree."

In enacting this provision, it appears that the Legislature intended to carry forward the general provisions relating to the prior "statutory rape" law. The *Commentary* following Section 21.09, supra, notes the following:

"... [W]hen the fact is age in sexual offenses involving children Texas Courts and those of most other American jurisdictions have denied the defense of ignorance or mistake. [citations omitted] The 1970 proposed code would have partially changed this rule [in Section 21.12(a)], thus recognizing that the ignorant or mistaken actor does not possess the culpability this code requires for imposition of criminal responsibility, by making reasonable ignorance or mistake about age between 14 and 16 [now 17] a defense, but this limited change was rejected."

Similarly, in 2 Branch's Texas Annotated Penal Statutes, 3rd Edition, the following commentary appears following Section 21.-09:

"The obvious intent of this provision is to carry forward as a separate and distinct offense the sexual intercourse of a child so young that consent is, as matter of public policy and morality, immaterial."

Prior to the enactment of Section 21.09, statutory rape was defined in Article 1183, V.A.P.C. (1925). Under that provision, it had consistently been held that a female under the age fixed by statute was deemed in law to be incapable of consenting to an act of sexual intercourse, and one who had committed the act on her was guilty of rape, notwithstanding the fact that he had obtained her actual consent, or was ignorant of her age, or even though she invited or persuaded him to have intercourse with her. See 48 Tex.Jur.2d, *Rape*, Section 9, pages 640–641.

There being an obvious manifestation on the part of the Legislature not to change the requirement relating to the age of the victim in a rape of a child case, ignorance or mistake of law are not defenses. This being so, it follows that to require the State to allege and prove the appellant knew the prosecutrix to have been under the age of seventeen would establish ignorance or mistake as a defense in contravention of the clear legislative intent. Such allegation and proof are not required. Cf., *Clark v. State*, 558 S.W.2d 887 (Tex.Cr.App.1977).

The indictment and charge being sufficient, the judgment is affirmed.