Patrick Wayne JACKSON, Appellant,

v.

The STATE of Texas, Appellee.

No. A14-93-00427-CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 1, 1994.

Discretionary Review Refused
Feb. 15, 1995.

Danise M. Crawford, Houston, for appellant.

Dan McCrory, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ELLIS, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

Patrick Wayne Jackson appeals from a conviction for sexual abuse of a child, raising four points of error. We affirm.

At the time of the offense, the complainant was 14 years old and appellant was 19 years old. The two had met approximately two months before the offense occurred. On the

date in question, appellant and his brother arrived at the complainant's home and appellant asked to use the telephone. After using the telephone, appellant and the complainant began kissing and eventually moved to the bedroom, where the two had sexual intercourse. The complainant testified that she experienced pain comparable to being cut by a switch blade. She testified that she asked appellant to stop. The complainant's father returned home and appellant and his brother hid in a closet before escaping out the back door.

The complainant immediately began experiencing heavy bleeding from the vaginal area. The complainant's father testified that upon entering the house, he saw a 50–foot trail of blood in the hall, but when he asked her about it, she told him it was from her period. The following morning, however, the bleeding had not stopped and the complainant was hospitalized. Dr. Hans Altinger examined the complainant and discovered a large tear in the vaginal wall, approximately two and a half inches in size. To stop the bleeding, Dr. Altinger surgically repaired this laceration. At the time of the offense, the complainant was recovering from rectal surgery, but Dr. Altinger testified that this was unrelated to the vaginal tear.

The jury was authorized to convict appellant either for the offense of aggravated sexual assault or sexual assault and the jury found appellant guilty of the latter offense. The trial judge assessed punishment at ten years.

■ In his first point of error, appellant claims the trial court committed reversible error in overruling appellant's objection to certain hearsay testimony by complainant's father describing why the complainant said she was afraid to tell her father about the sexual assault. The testimony challenged is as follows:

Q: What did [the complainant] tell you happened?

[DEFENSE COUNSEL]: Objection, Your Honor. Any hearsay between this witness and any other complainant or any other witness in this case is soliciting hearsay.

THE COURT: Overruled.

Q: What did [the complainant] finally tell you, Mr. Owens, that had happened?

A: I asked her, and she said, "Well, I couldn't tell you. They would kill you." My daughter was afraid. At that time, I had some, I am also a collector of guns.

Q: Okay?

A: And my gun was in the closet in the bedroom where they was at.

The State asserts that this testimony was not hearsay because it was not offered to prove the truth of the matter asserted. "Hearsay" is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Tex. R.Civ.Evid. 801(d). If an out of court statement is not offered for the truth of the matter asserted, but for the purpose of showing what was said, the statement is not hearsay. *Livingston v. State,* 739 S.W.2d 311, 331 (Tex.Crim.App.1987), *cert. denied,* 487 U.S. 1210, 108 S.Ct. 2858, 101 L.Ed.2d 895 (1988).

Here, the statement was not offered for the truth of the matter asserted in that it was not offered to prove that appellant threatened to kill the complainant's father. Instead, the testimony was offered to show why the complainant was afraid to tell her father about the sexual assault. Therefore, the trial court properly overruled the objection. We overrule point of error one.

■ In point of error two, appellant contends the trial court committed reversible error in failing to instruct the jury to disregard an inappropriate response by the complainant during appellant's cross-examination. Specifically, appellant complains of the following response by complainant:

Q: So why did you lie to the police officer? You know, when the police officer is a neutral person trying to do his duty or her [sic], why do you lie to the police officer?

A: I was scared and nervous. You would be, too. But you've never been through this, so you wouldn't know.

[DEFENSE COUNSEL]: How about an admonishment, judge?

THE COURT: Let's move along.

[DEFENSE COUNSEL]: How about an admonishment?

THE COURT: Just answer the question.

[DEFENSE COUNSEL]: Ask the jury to disregard, Your Honor.

THE COURT: Denied.

The State argues that appellant failed to preserve this complaint for review because he did not make an objection. Tex.R.App.P. 52(a) requires a party to make a timely request, objection or motion, stating the specific grounds for the ruling he desires from the trial court. In *Smith v. State,* 763 S.W.2d 836, 841 (Tex.App.—Dallas 1988, pet. ref'd), the court explained how to preserve error when a witness gives a nonresponsive answer:

> Not every nonresponsive answer should be stricken. It is only when the unresponsive answer is also inadmissible that it should be stricken.... A "nonresponsive" objection alone, however, merely informs the trial court why the objection was not made prior to the answer being given. Even after the "nonresponsive" portion of the objection is made, there remains the question of the testimony's admissibility. In this context, *in order to properly exclude evidence or obtain an instruction to disregard, a party must address in its objection both the nonresponsiveness and the inadmissibility of the answer.* Further, a blanket "nonresponsive" objection alone is an insufficient objection to preserve error where the response is a hybrid answer— that is, where a portion of the answer is objectionable and a portion of the answer is not objectionable.

*Id.* (citations omitted; emphasis added).

Here, the complainant's answer was a hybrid answer in that part of it was objectionable and part was not. Appellant's general complaint, which the trial court understood to challenge the responsiveness of the answer, did not specify why the answer was inadmissible or which part of the answer was inadmissible. Therefore, we hold that appellant waived any complaint about the trial court's failure to instruct the jury to disregard. Accordingly, we overrule point of error two.

■ In point of error three, appellant claims the trial court committed reversible error in failing to instruct the jury on the law of mistake of fact. Appellant contends that mistake of fact regarding the complainant's age is a valid defense that was raised by testimony of appellant's mother.

The jury was authorized to convict appellant of aggravated sexual assault under Tex.Penal Code Ann. § 22.021(a)(2)(A)(i) (Vernon Supp.1994), or sexual assault of a child under Tex.Penal Code Ann. § 22.011(a)(2)(A) (Vernon Supp.1994).[1] These statutes do not require the State to show that appellant knew the victim was younger than seventeen years of age. The State has long denied the defense of ignorance or mistake in relation to sexual offenses involving children. *Vasquez v. State,* 622 S.W.2d 864, 865 (Tex.Crim.App.1981). Thus, the trial court properly refused to submit an instruction on mistake of fact in this case. We overrule point of error three.

■ In his final point of error, appellant claims the trial court committed reversible error by failing to grant appellant's motion for mistrial, made during the State's closing argument to the jury during the guilt or innocence stage of the trial. Appellant contends the prosecutor struck at appellant over counsel's shoulders in the following portion of her argument:

> [THE STATE]: When the defense attorney stands up here, I believe he's going to argue to you, he's going to suggest to you, he's going to say to you about how [appellant] had this reasonable belief that she was older than seventeen, that she consented to the sex, that he had no idea that he was causing the kind of injury that you heard about from the doctor. I'm going to object. I'm going to object as much as I have to. And what's most important is I want you to watch the judge when I object because he is going to sustain my objec-

---

1. The crime for which appellant was convicted was committed before September 1, 1994, the effective date of the revised penal code. *See* Acts 1993, 73rd Leg., Ch. 900, § 1.18(b). Therefore, all references to the penal code are to the code in effect at the time the crime was committed.

tion. You know why? Because it's not the law. He cannot argue to you and you cannot base your verdict in this case as to whether or not he was mistaken about how old she was or as to whether or not he knew he was causing these injuries. That's the law in this case, and you need to be mindful of that when [defense counsel] talks to you.

I might not object to him every single time. *I think during the course of this trial you have seen enough to know that just because the judge here sustains my objection, basically telling [defense counsel] not to say that anymore, you know and I know right now, based on this last week's worth of testimony, that [defense counsel] is likely to come right back and say it again.*

[DEFENSE COUNSEL]: I have to object, Your Honor. She's attacking the defendant over the shoulders of counsel. And, you know, that's a good one, and I ask for an instruction to disregard to this jury.

THE COURT: Sustained. Members of the jury, I'll instruct you to disregard the last statement from the prosecutor.

[DEFENSE COUNSEL]: And also ask for a mistrial.

THE COURT: Denied.

In most cases, appellate courts apply a presumption that an instruction to disregard the evidence will be obeyed by the jury. *Gardner v. State*, 730 S.W.2d 675, 696 (Tex. Crim.App.1987), *cert. denied*, 484 U.S. 905, 108 S.Ct. 248, 98 L.Ed.2d 206 (1987). The court "puts its faith in the jury's ability, upon instruction, consciously to recognize the potential for prejudice, and then consciously to discount the prejudice, if any, in its deliberations." *Id.* Consequently, we often hold that any harm has been cured. *Id.* Harm can be cured in all but "extreme cases where it appears that the ... evidence is clearly calculated to inflame the minds of the jury and is of such a character as to suggest the impossibility of withdrawing the impression produced on their minds." *Id.*

The State, however, may not strike at a defendant over the shoulders of his counsel or accuse defense counsel of bad faith and insincerity. *Fuentes v. State*, 664 S.W.2d 333, 335 (Tex.Crim.App.1984). In *Fuentes*, the prosecutor made the following objection: "Oh, Judge, we object to that, he is in bad faith as usual and we object to it: That is a bunch of garbage and he knows it." *Id.*[2] Defense counsel asked for a mistrial, which the trial court denied. The prosecutor's objection not only conveyed the impression that appellant's counsel acted in bad faith, but that any purported evidence of police misconduct was "garbage." *Id.* One of appellant's contentions was that the police had beaten him to obtain a confession. *Id.* The Court of Criminal Appeals held the prosecutor's remarks were improper, harmful, and prejudicial and constituted reversible error. *Id.* at 337.

The prosecutor's remarks in *Fuentes* were highly improper and clearly calculated to inflame the minds of the jury. We do not find the prosecutor's statement here so egregious as to be incurable by instruction or calculated to inflame the minds of the jurors. Therefore, we find no error by the trial court in refusing to grant appellant's motion for mistrial. We overrule point of error four.

We affirm the trial court's judgment.

---

**2.** The *Fuentes* opinion contains quotations of numerous improper comments, in addition to that quoted in this opinion, made during that trial.