Opinion Issued November 6, 2003
















     





In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00593-CR




CARLOS COY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause No. 908426




MEMORANDUM OPINION 

          Appellant Carlos Coy was charged with aggravated sexual assault of a child. 
The jury found appellant guilty and assessed punishment at 45 years confinement and
a fine in the amount of $10,000. We affirm.
          In eight points of error, appellant complains about the following: (A) the
prosecutor’s closing arguments; (B) certain testimony by a police officer; (C) certain
testimony by the State’s expert; and (D) the refusal of the trial judge to quash the
indictment.
Background
          In September 2001, the then nine-year-old complainant told her mother about
sexual acts appellant had performed on her. The mother took her daughter to the
authorities, who began an investigation of the complainant’s allegations. The
evidence at trial showed that appellant’s daughter had invited the complainant to
spend the night at appellant’s home on September 1, 2001. Both children were
watching television in appellant’s bedroom when appellant entered the room and
began watching television with the children. While sitting on the bed, appellant
inappropriately touched and rubbed her. After this incident, the complainant left
appellant’s bedroom.
          The children eventually entered the daughter’s bedroom. Both children
climbed into bed and began watching television. After appellant’s daughter fell
asleep, appellant entered the room, sat on the bed, reached under the covers, and
again inappropriately touched her. Eventually, appellant sexually assaulted the
complainant by causing her sexual organ to come into contact with his mouth. The
complainant testified that appellant persisted in this conduct for approximately one
minute.
          The complainant did not, after this incident, stay overnight at appellant’s home
as was originally planned, but returned home. The following morning, she informed
her mother what occurred at appellant’s home, and the authorities were contacted to
investigate the incident.
Points of Error One, Two, and ThreeIn his first three points of error, appellant contends that the trial court erred
when it overruled his objections to the prosecutor’s statements in closing argument.
In his first point of error, appellant complains about the following statement:
I don’t know what that has to do with anything. That’s just
another thing that they’re putting out there hoping that one of you buys
it. That’s all they have to do, one of you thinks there’s any credibility
to any of these crazy theories. Because they don’t want you to look at
the evidence and the truth. Our job as prosecutors is to seek the truth. 
That’s not his job. His job is to represent Carlos Coy.

Appellant’s objection in the trial court to the above statements was: “Your Honor, I’m
going to object. My job is the same as theirs.” In his second point of error, appellant
contends that the trial court erred when it refused to sustain his objection to the
prosecutor’s statement in closing argument that “His job is to represent Carlos Coy,
keep him from going to jail. That’s what he gets paid to do. [The other prosecutor]
and I get paid - -”. Appellant’s objection in the trial court to these statements was:
“I’m going to object, Your Honor, the State of Texas gets paid just like I do. 
Improper argument.” In his third point of error, appellant contends that the trial court
erred when it overruled his objection to the prosecutor’s statements in closing
argument that “[The other prosecutor] and I get paid to prosecute people who abuse
children. And I can tell you we’ve got enough work to do without having to
manufacture a case. We don’t care that he’s a rapper or a musician.” Appellant’s
objection in the trial court to the above statements was: “Your Honor, I’m going to
object. [The prosecutor’s] personal feelings are improper.” On appeal, appellant
contends that these statements are outside the record, manifestly improper, and
prejudicial.
          An objection at trial must correspond with the argument on appeal, and this
Court may not consider grounds not raised before the trial court. State v. Romero,
962 S.W.2d 143, 144 (Tex. App.—Houston [1st Dist.] 1997, no pet.). If the objection
at trial does not correspond with the argument on appeal, error is not preserved and
the objection is waived. Id. Appellant’s objections to the prosecutor’s argument
during trial do not conform to his argument on appeal. The error, if any, is waived.
          We overrule appellant’s first three points of error.
Point of Error Four
          In his fourth point of error, appellant contends that the trial court erred when
it refused to sustain his objection to testimony from Officer Ruiz, the lead police
investigator, that the complainant made outcry statements to another non-testifying
witness. The following exchange took place in the trial court:
[Prosecutor]:                    Okay. And from what [the complainant] told Fiona
[Stevenson], was that consistent with what she had told you
just three days before?
 
[Defense Counsel]:          Objection, Your Honor, hearsay.
 
[The Court]:                     Overruled. You may answer that question? [sic]
 
[Officer Ruiz]:                 It was absolutely consistent with everything that [the
complainant] told me.

Appellant urges that this statement constituted hearsay and does not comply with
Article 38.072 of the Texas Code of Criminal Procedure. The State does not dispute
that the requirements of Article 38.072 of the Texas Code of Criminal Procedure were
not satisfied. It argues that admission of the statements was harmless because the
State had previously, without objection, introduced evidence that proved the same
facts.
          At the time the trial court ruled on the admissibility of the disputed testimony,
the jury had already heard the complainant testify, without objection, that she had
been interviewed at the police station by Officer Ruiz and that she told Ruiz in the
interview that appellant touched and licked her. The complainant also testified that
she was interviewed at the Children’s Assistance Center, and, that during this
interview, she informed the interviewer that appellant touched and licked her, and
described the location on her body where appellant had touched and licked her. 
Officer Ruiz testified that she was present at that interview, which was conducted by
Fiona Stevenson.
          “It is well-established that the improper admission of evidence does not
constitute reversible error if the same facts are proved by other properly admitted
evidence.” Jensen v. State, 66 S.W.3d 528, 535 (Tex. App.—Houston [14th Dist.]
2002, pet. ref’d). Any error regarding the improper admission of the disputed
testimony was rendered harmless because the same facts were proven by the
complainant’s properly admitted testimony. We overrule appellant’s fourth point of
error.Point of Error Five
          In his fifth point of error, appellant contends the trial court erred by allowing
the State’s expert, Susan Szczygielski, to testify that she did not see the complainant
exhibit any signs of coaching. The State argues that appellant waived error because
(1) defense counsel stated prior to the Daubert


 hearing that he had no objection
specifically to the expert’s qualifications, (2) defense counsel did not state the
specific ground for his objection to the State’s testifying expert, and the specific
ground was not apparent from the context, and (3) defense counsel did not object at
the earliest opportunity when the State’s expert testified at trial that the complainant
experienced headaches and stomach aches, which are consistent with symptoms of
sexual abuse. 
Waiver - Point of Error Five
          The following exchange took place during the Daubert hearing qualifying the
State’s expert:
[Defense Counsel]:          Your Honor, for the purposes of brevity, I’m familiar with
prior testimony. I don’t have an objection specifically as
to her qualifications. If we could just have the prosecution
elicit what opinions she may give about this case that may
conclude our necessity for a Daubert hearing. I’m not
trying to tell them how to do their business. I’m telling you
just to make it quick that it might suffice.
 
[The Court]:                     Okay. She’s an expert. Go ahead.
 
[State]:                             Go into her opinions?
 
[The Court]:                     Yes.

Although defense counsel conceded that the State’s expert was qualified to testify
about children victimized by sexual abuse, defense counsel did not concede that the
State’s expert was qualified to render an opinion on the specific topic of coaching. 
Furthermore, during the Daubert hearing, defense counsel questioned the State’s
expert with respect to her opinions on coaching, and objected to the opinions she
intended to give regarding the case. As a basis for his objection, defense counsel
asserted that the expert’s testimony would be unreliable. We hold that appellant
preserved error with respect to point of error five.
 
Standard of Review
          We will not disturb a trial court’s determination that a witness is or is not
qualified as an expert unless a clear abuse of discretion is shown. Morales v. State,
32 S.W.3d 862, 865 (Tex. Crim. App. 2000). A reviewing court cannot conclude that
a trial court abused its discretion if, in the same circumstances, it would have ruled
differently or if the trial court committed a mere error in judgment. Hernandez v.
State, 53 S.W.3d 742, 750 (Tex. App.—Houston [1st Dist.] 2001, pet. ref’d) (citing
E.I. du Pont de Nemours and Co. v. Robinson, 923 S.W.2d 549, 558 (Tex.1995)). 
The test is not whether the facts present an appropriate case for the trial court’s action
in the opinion of the reviewing court. Id. We will gauge an abuse of discretion by
whether the trial court acted without reference to any guiding rules or principles. Id.
Analysis
          Appellant contends that the testimony of the State’s expert witness is
unreliable, because “the State wholly failed to satisfy Daubert’s predicate with
respect to Szczygielski’s testimony regarding coaching.” In Hernandez v. State, 53
S.W.3d 742, 746 (Tex. App.—Houston [1st Dist.] 2001, pet. ref’d), we reviewed the
pertinent case law in order to clarify the standard of reliability applicable to that case
and the general confusion surrounding Daubert and its Texas progeny. We
recognized that the Daubert inquiry is flexible, and that there exists a distinction
between fields of study within the hard sciences such as physics, which is based upon
the scientific method, and fields of study aside from the hard sciences, such as the
social sciences, which are not based upon the scientific method, but principally on
training and experience. Id. at 749. 
          Expert testimony regarding the effect of sexual abuse on children is
nonscientific expert testimony. Hernandez, 53 S.W.3d at 750. Because the Daubert
factors “do not necessarily apply outside of the hard science context” we applied the
test described by the Court of Criminal Appeals in Nenno v. State, 970 S.W.2d 549,
561 (Tex. Crim. App. 1998) overruled on other grounds by State v. Terrazas, 4
S.W.3d 720, 727 (Tex. Crim. App. 1999), which requires that, in determining whether
nonscientific expert testimony is reliable, and therefore admissible, we determine (1)
whether the expert’s field of expertise is a legitimate one; (2) whether coaching is
within the scope of the expert’s field of expertise; and (3) whether the expert’s
testimony properly relied upon or utilized the principles involved in her field. 
Hernandez, 53 S.W.3d at 749.
          With respect to the first element of the test, both the Court of Criminal Appeals
and this Court have recognized that Szczygielski’s field of expertise is legitimate. 
Clark v. State, 881 S.W.2d 682, 698 (Tex. Crim. App. 1994); Hernandez, 53 S.W.3d
at 751; See also Kipp v. State, 876 S.W.2d 330, 335 (Tex. Crim. App. 1994) (expert
allowed to testify about whether child sex abuse victim had been coached). 
Regarding whether the subject matter of Szczygielski’s testimony was within the
scope of her field, she testified that her opinions were based upon her experience as
a therapist and supervisor at the Children’s Assessment Center, and were, to some
extent, based upon the knowledge she gained from reading pertinent literature
throughout her career. She testified that coaching is a term that describes “another
individual trying to get a child to tell a certain story in a certain way” and that,
although she has reviewed articles on coaching, her opinion as to whether an
individual had been coached was based primarily upon her experience. Szczygielski
also testified that she is familiar with conduct that a child who had been coached
would exhibit. She has a Master’s degree in social work, is licensed by the State of
Texas, has an advanced clinical practitioner credential, and is qualified to diagnose
depression. Szczygielski has practiced at the Children’s Assessment Center, a multi-disciplinary program that provides services to children who have been sexually
abused, for 10 years. During her first seven years as a therapist at the Children’s
Assessment Center, she saw approximately 50 children per year, and during the past
three years, she saw between 20 and 30 children per year. We conclude that the
subject matter of Szczygielski’s testimony was within the scope of her field.
          We also conclude that Szczygielski’s testimony properly relied on and/or
utilized the principles involved in the field. Szczygielski testified during the Daubert
hearing that she was, in part, basing her conclusions on articles she had read
concerning coaching, but primarily on her 10 years of experience as a therapist at the
Children’s Assistance Center. Her opinions regarding coaching and other common
characteristics of sexually abused children and the physical symptoms they exhibit
are based primarily upon her experience derived from providing therapy to hundreds
of abused children over the past 10 years. Additionally, her advanced education,
current professional certification, and qualification to diagnose depression in this
State evidence that she properly relies on and/or utilizes the principles involved in her
field.
          Although defense counsel complained that Szczygielski’s testimony was
unreliable, Szczygielski’s qualifications discussed above provided a sufficient basis
for the trial court to have found that her testimony would be reliable. The absence of
studies quantifying or providing a statistical analysis does not affect the reliability
and therefore admissibility of her testimony, but only affects the weight of the
evidence. Hernandez, 53 S.W.3d at 749-50. We are unable to conclude that the trial
court failed to act with reference to guiding rules and principles in determining that
the State’s testifying expert was qualified to render her opinion on whether the
complainant had been coached, and will, therefore, not disturb its ruling. Morales v.
State, 32 S.W.3d 862, 865 (Tex. Crim. App. 2000); Clark v. State, 881 S.W.2d 682,
698 (Tex. Crim. App. 1994). The trial court’s decision to overrule appellant’s
objection and allow the testimony of Szczygielski was not an abuse of discretion. We
overrule appellant’s fifth point of error.
Point of Error Six
          The State contends that appellant waived error with respect to appellant’s sixth
point of error because defense counsel failed to object at the earliest opportunity
when the State’s expert testified at trial that the complainant experienced headaches
and stomach aches which were consistent with sexual abuse. We agree. 
          To preserve error, appellant must object at the earliest opportunity and continue
to object each time the objectionable evidence is offered. Ethington v. State, 819
S.W.2d 854, 858 (Tex. Crim. App. 1991). The following exchange between the
prosecutor and Szczygielski took place in front of the jury:
[Prosecutor]:                    Now, in determining, I guess, her level of functioning, did
you find out whether or not she was exhibiting any
symptoms?
 
[Witness]:                        She was having an increased difficulty in sleeping since the
abuse had happened. She had previous problems with
sleeping, but since the abuse the sleeping problems had
worsened. She had trouble falling asleep at night. She had
trouble staying asleep at night. She talked about having
nightmares. She talked about - - 
Her mother also talked about that she was a lot more
sensitive than usual, cried a lot more easily, became angry
a lot more easily. She also complained of a lot of semantic
complaints, stomach aches, nausea, continuing headaches,
those types of things.
 
[Prosecutor]:                    Were those symptoms typical or what you might expect
from a person who had been sexually abused?
 
[Witness]:                        Yes, those symptoms can be consistent with sexual abuse. 


When appellant failed to object to Szczygielski’s opinion at this time, he waived any
challenge to her qualification to render an opinion on whether the symptoms
exhibited by the complainant were because of sexual abuse. We overrule appellant’s
sixth point of error.
Points of Error Seven and Eight
          In his seventh point of error, appellant contends the trial court erred by denying
his motion to quash the indictment because the indictment did not allege that
appellant knew the complainant was younger than 17 years of age at the time of the
incident. In his eighth point of error, appellant contends the trial court erred by
denying appellant’s jury instruction which would require the jury to find, in order to
convict appellant, that he knew the complainant was younger than 17 years of age at
the time of the incident.
          The Court of Criminal Appeals has held that in cases involving the sexual
assault of a child, the State is not required to prove the defendant knew the victim was
younger than 17 years of age at the time of the offense.  Vasquez v. State, 622
S.W.2d 864, 866 (Tex. Crim. App. 1981). Recently, in Black v. State, the Court of
Criminal Appeals spoke of this rule with respect to cases involving aggravated sexual
assault of a child: “No scienter with respect to the lack of consent in sexual assault 

and aggravated sexual assault is required when the victim is a child.” Black v. State,
26 S.W.3d 895, 898 (Tex. Crim. App. 2000). The Fourteenth Court of Appeals
indirectly addressed this issue in Jackson v. State, 889 S.W.2d 615, 617 (Tex.
App.—Houston [14th Dist.] 1994, pet. ref’d). In Jackson, the appellant was
convicted of aggravated sexual assault of a child. Id. at 616. The trial court
instructed the jury on the lesser included offense of sexual assault of a child, in
addition to the charged offense of aggravated sexual assault of a child. Id. at 617. 
The Court of Appeals determined that the trial court correctly refused to include an
instruction on mistake of fact, which would have required a verdict of not guilty had
the jury concluded that Jackson mistakenly believed that the complainant was 17
years of age or older. Id. For the foregoing reasons, we hold that in a prosecution for
aggravated sexual assault of a child the State is not required to prove the defendant
knew the complainant was under 14 years of age. We overrule appellant’s seventh
and eighth points of error.
Conclusion
          The judgment of the trial court is affirmed.
 
                                                             Adele Hedges
                                                             Justice

Panel consists of Justices Hedges, Nuchia, and Higley.

Do not publish. Tex. R. App. P. 47.4.