Affirmed and Opinion filed March 8, 2005









Affirmed
and Opinion filed March 8, 2005.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00310-CR

____________

 

JASON AARON GRICE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 182nd
District Court

Harris County, Texas

Trial Court Cause No. 956,275

 



 

O P I N I O N








Appellant, Jason Grice, appeals from his
conviction for indecency with a child by exposure.  See Tex.
Pen. Code Ann. § 21.11(a) (Vernon 2003). 
Appellant was originally charged with sexual assault of a child under
section 22.011(a)(2)(A) of the Texas Penal Code, the “statutory rape”
provision.  Id. §
22.011(a)(2)(A).  After appellant’s
motion to quash the indictment was denied, appellant and the State announced to
the court that they had entered into a plea bargain agreement, under which
appellant pleaded guilty to the lesser offense in exchange for a punishment
recommendation.  The trial judge found
appellant guilty, and assessed punishment at four years’ incarceration,
probated for four years, and a $400 fine, which was in accordance with the plea
bargain agreement.

On appeal, the State contends that
appellant waived his right to appeal.  In
his two issues, appellant contends that the trial court erred in denying his
motion to quash because the indictment failed to allege a culpable mental state
in regards to the age of the victim in violation of both section 6.02 of the
Penal Code and the constitutional right to due process.  U.S.
Const. amend. XIV; Tex. Const.
art. I, § 19; Tex. Pen. Code Ann.
§ 6.02.  We affirm.

Right of Appeal

The State initially contends that
appellant has waived his right of appeal. 
The record is inconsistent on this issue.  The clerk’s record contains two documents
that indicate appellant waived his right of appeal: (1) the guilty plea, which
contains a boilerplate waiver of the right to appeal; and (2) the judgment,
which contains a stamped indication that appellant waived his right of appeal
and was not granted permission to appeal. 
The clerk’s record, however, also contains the “Trial Court’s
Certification of Defendant’s Right of Appeal,” in which the judge indicated
that appellant had the right of appeal and did not waive that right.[1]  Furthermore, during the trial judge’s oral
admonitions to appellant, while she indicated that he had waived his right to
trial by jury, she did not indicate that he had waived his right of
appeal.  The reporter’s record also
contains the following exchange, which occurred at the conclusion of the plea
hearing:

[Defense
Counsel]: Your Honor, we have discussed
with the Court our intention to appeal the motion to suppress [sic]; and I will
be filing appropriate notice of appeal to allow that.

The Court:             Yes.

[Defense
Counsel]: And we’ll get the court
reporter’s—








[Prosecutor]:                   The motion to quash?

[Defense
Counsel]: Motion to quash.

[Prosecutor]:                   Motion to suppress?

[Defense
Counsel]: I’m so sorry.  Motion to suppress quash. [sic]

The Court:             The right to appeal the motion to
quash, the decision.  And I’ve noted that
on the appeals.

[Defense Counsel]: Thank you very much.

In this exchange, appellant’s counsel clearly made the
judge aware that the appellant did not intend to waive his right of
appeal.  The judge then states that she
has noted that fact on a document related to the appeal, most likely the
certification of the right of appeal.  It
should also be noted that the prosecutor did not object when defense counsel
stated an intention to appeal; indeed, the prosecutor aided defense counsel by
correcting him in regards to exactly what issue he intended to appeal.








Generally, a defendant may waive any
rights secured him by law.  Tex. Code Crim. Proc. Ann. art. 1.14
(Vernon Supp. 2004).  A waiver of appeal
is usually binding on the defendant and prevents him from appealing any issue
without the trial court’s consent.  Monreal
v. State, 99 S.W.3d 615, 616 (Tex. Crim. App. 2003).  In Alzarka v. State, the Court of
Criminal Appeals addressed a situation similar to the one presented here.   90 S.W.3d 321 (Tex. Crim. App. 2002).  The court held that even though the defendant
signed a plea form containing a written waiver of appeal, the defendant had not
waived her right to appeal. Id. at 322-24.  The court based this conclusion on the fact
that (1) the trial court gave express oral permission to appeal, (2) counsel
and the court made several statements agreeing that the defendant would be
permitted to bring an appeal, and (3) the State’s original appellate brief made
no claim that the defendant had waived her right to appeal.  Id. 
In Willis v. State, the court also addressed a similar situation
and held that even though the defendant had signed both a plea form and
admonishments that suggested waiver of the right to appeal, the defendant had
not waived his right to appeal.  121
S.W.3d 400 (Tex. Crim. App. 2003).  The
court based its decision on the facts that the waiver was contained in
pre-printed forms and the trial court indicated in signing the notice of appeal
that the defendant had a right to appeal. 
Id. at 401-03.  Thus, the
Court of Criminal Appeals has expressed a clear preference for disregarding
waivers of appeal when the record contains other indications that the defendant
did not intend to waive the right of appeal. 
See id. at 403.[2]

The key distinguishing factor between the
present case and the Willis and Alzarka cases is that here the
judgment itself reflects that appellant waived his right of appeal.  We find that the conflict presented here is
analogous to the conflict presented when a court’s oral pronouncement of
sentence varies from its recitation in the judgment.  Generally, when a court’s judgment conflicts
with other portions of the record, the judgment controls.  See, e.g., State v. Rowan, 927 S.W.2d
116, 118 (Tex. App.—Houston [1st Dist.] 1996, no pet.).  However, the Court of Criminal Appeals has
held that this rule does not apply when the written judgment does not comport
with the oral pronouncement of sentence; it is the oral pronouncement that
controls.  See, e.g., Taylor v. State,
131 S.W.3d 497, 500 (Tex. Crim. App. 2004) (citing Coffey v. State, 979
S.W.2d 326, 328-29 (Tex. Crim. App. 1998)). 
The basis for this exception to the rule is a desire for certainty.  See McClinton v. State, 121 S.W.3d
768, 770 (Tex. Crim. App. 2003) (Cochran, J., concurring).  Courts are required to pronounce sentence
orally in open court with the defendant present.  Tex.
Code Crim. Proc. Ann. art. 42.03, § 1(a) (Vernon Supp. 2004).  The sentence contained in the judgment serves
only as a written manifestation of the orally pronounced sentence.  Taylor, 131 S.W.3d at 500 (citing Tex. Code Crim. Proc. Ann. art. 42.01,
§ 1).  Thus, the required pronouncement, orally
given, controls over the mere written manifestation in the judgment.  See id.








Extrapolating to the situation before us,
the appellate rules require that the trial court complete a certification of
the defendant’s right of appeal.  Tex. R. App.
P. 25.2(d).  By contrast, the key statutory provision
governing judgments in criminal cases, although quite detailed, does not
require a judgment to address whether the appellant retains a right to appeal.  Tex.
Code Crim. Proc. Ann. art. 42.01, § 1.[3]  Therefore, trial courts are required to
complete certifications of the right of appeal, see Rule 25.2(d), but
they are not required to address the right of appeal in the judgment, see
article 42.01, § 1.[4]  This situation is similar to the one
addressed in Taylor and Coffey, in which the Court of Criminal
Appeals held that the oral pronouncement controls over the judgment because the
oral pronouncement is required and the judgment merely contains the written
manifestation of the orally pronounced sentence.  Taylor, 131 S.W.3d at 500; Coffey,
979 S.W.2d at 328-29.  Thus, in the
interest of certainty, it would appear prudent to hold that, when there is a
conflict in the documentation regarding a defendant’s right to appeal, the
required statement of the intent to appeal (contained in the certification)
controls over the surplusage statement of the intent to appeal (contained in
the judgment).








This conclusion is particularly apt if the
remainder of the record supports the statement in the certification.  See Dears v. State, —S.W.3d—, —, 2005
WL 156736, at *4 (Tex. Crim. App. Jan. 26, 2005) (stating that appellate court
may compare certification to the record to determine whether the certification
is defective).  Here, although the signed
plea form reflects waiver, it is rather easily discounted because the waiver
clause was in a lengthy preprinted form. 
See Willis, 121 S.W.3d at 403 (“[T]he trial court’s subsequent
handwritten permission to appeal controls over a defendant’s previous waiver of
the right to appeal, allowing the defendant to appeal despite the boilerplate
waiver.”).  The in-court exchange,
however, is more convincing.  Defense
counsel stated an intention to appeal, and instead of objecting, the prosecutor
aided defense counsel in stating exactly what it was he intended to
appeal.  The judge then indicated that
she would note the intention to appeal and apparently did so on the
certification.  Based on this exchange
and the judge’s signing of the certification, we find that appellant did not
waive his right of appeal.

Mental State

In his two issues, appellant contends that
the trial court erred in denying his motion to quash because the indictment
failed to allege a culpable mental state in regards to the age of the
victim.  We review a trial court’s ruling
on a motion to quash an indictment under an abuse-of-discretion standard.  Thomas v. State, 621 S.W.2d 158, 163
(Tex. Crim. App. 1980).  Appellant acknowledges that Texas courts have
consistently held that in prosecuting sexual offenses committed against
children the State need not prove a mental state regarding the age of the
child.   See, e.g., Vasquez v. State,
622 S.W.2d 864, 865 (Tex. Crim. App. 1981); Jackson v. State, 889 S.W.2d
615, 617 (Tex. App.—Houston [14th Dist.] 1994, pet. ref’d).  Specifically, the State need not show that
the defendant knew that the victim was younger than seventeen years old.  Vasquez, 622 S.W.2d at 865; Jackson,
889 S.W.2d at 617.  Appellant further
acknowledges that the Court of Criminal Appeals reiterated this rule as
recently as 1998, in relation to the offense of indecency with a child.  Johnson v. State, 967 S.W.2d 848, 849-50
(Tex. Crim. App. 1998).[5]

However, appellant contends that Johnson
does not control here because (1) the Johnson court did not consider
application of Penal Code section 6.02, and (2) the Court of Criminal Appeals’
subsequent opinion in Aguirre v. State, 22 S.W.3d 463 (Tex. Crim. App.
1999), casts doubt on the continuing authority of Johnson.  A review of the pertinent cases reveals that
neither assertion is correct.













First, regarding section 6.02, although
the majority opinion in Johnson does not specifically cite that section,
the four-justice concurrence and the dissenting opinion discuss the application
of section 6.02 in depth.[6]  967 S.W.2d at 850-54 (Price, J., concurring);
id. at 854-59 (Baird, J., dissenting). 
Thus, the majority was clearly aware of section 6.02; however, it relied
primarily on stare decisis and apparently did not consider section 6.02 as
cause for departing from prior decisions. 
Id. at 849-50 (“In case after case, this Court has held that the
State is not required to show that appellant knew the victim to be under the
age of 17.  This rule is well established
and we therefore find that it is dispositive of the issue in the case at
bar.”).  Further, section 6.02 has been
part of the Penal Code virtually unchanged since 1974.  Act of June 14, 1973, 63rd Leg., R.S., ch.
399, 1973 Tex. Gen. Laws 883, 892, amended by Act of June 19, 1993, 73rd
Leg., R.S., ch 900, 1993 Tex. Gen. Laws 3586, 3592.[7]  Thus, the Court of Criminal Appeals would
have been aware of section 6.02’s existence not only when it wrote Johnson,
but also when it wrote earlier opinions holding that the State need not prove a
mental state regarding the age of the victim when prosecuting sexual offenses
committed against children.  See,
e.g.,  Johnson, 967 S.W.2d at 849-50;
Roof v. State, 665 S.W.2d 490, 491 (Tex. Crim. App. 1984) (analyzing
legislative history of section 21.11 and finding legislature did not intend to
require a mental state in regard to the age of the child); Vasquez, 622
S.W.2d at 865 (holding legislature did not intend to require a mental state in
regard to the age of the child in prosecutions under statutory rape
provision).  Appellant’s first argument
is without merit.

Second, appellant argues that the Court of
Criminal Appeals’ Aguirre opinion casts doubt on the holding in Johnson.  However, far from overruling Johnson
or suggesting Johnson should be reconsidered, the Aguirre court
cited Johnson with approval.  22
S.W.3d at 475 & n.48.  In Aguirre,
the court discussed the application of section 6.02 to a city ordinance that
did not require a mental state for prosecution of a violation.  Id. at 470-77 (holding that section
6.02 required that a culpable mental state be read into the ordinance).  In that context, the court discussed the
nature of strict liability crimes, or crimes that do not require a particular
mental state for liability to attach.  Id.
at 472-76.  The court explained that
strict liability laws include those that are regulatory in nature or for the
public welfare, but also include laws designed to protect children.  Id. at 475.  The court then cited Johnson for an
example of the latter.  Id. at 475
& n.48.  By citing Johnson in
this context, it is clear that the Aguirre court did not intend to
disturb the long-standing rule that the State need not prove a culpable mental
state in regards to the age of the victim when prosecuting sexual offenses
committed against children.  Appellant’s
second argument is without merit. 
Because we find no merit in appellant’s arguments, his two issues are
overruled.

The trial court’s judgment is affirmed.

 

 

/s/      Adele Hedges

Chief Justice

 

Judgment
rendered and Opinion filed March 8, 2005.

Panel
consists of Chief Justice Hedges and Justices Fowler and Frost.

Publish — Tex. R. App. P. 47.2(b).











[1]  This
certification is required by Rule 25.2(d) of the Texas Rules of Appellate
Procedure.  Tex. R. App. P. 25.2(d). 
The certification here suggests that appellant did not waive his appeal
both because (1) the court checked a box on the form to indicate that appellant
had not waived the matters asserted in the pretrial motion and had the right of
appeal, and (2) the court did not check an available box stating that appellant
had waived the right of appeal.





[2]  The main distinguishing factor
between Willis and Alzarka is the fact that in Alzarka the
court gave express oral permission to appeal, whereas in Willis the
court merely signed a notice of appeal that indicated the court granted
permission to appeal.  See Willis, 121 S.W.3d at
402-03.





[3]  In fairness,
the provision does require the judgment to contain the terms of any plea
bargain.  Tex. Code Crim. Proc. Ann. art. 42.01, § 1(20).  However,
even if it could be argued that in stating in the judgment that appellant
waived his right of appeal the trial court was merely reflecting the terms of
the plea agreement, the court went a step further by stating that no permission
to appeal was granted, which was obviously not an element of the plea
bargain.  Regardless, both statements
conflict with the certification.





[4]  It should
further be noted that a judgment has numerous functions, see article 42.01, § 1, whereas a certification of the right of appeal has
only one essential function, see Rule 25.2(d).  Thus, it is much less likely that a court
would make a mistake regarding the right of appeal in the certification than it
would in the comparatively voluminous judgment.





[5]  Although Johnson
dealt specifically with prosecutions for indecency with a child under Penal
Code section 21.11, appellant recognizes the holding is equally applicable to
the statutory rape provision, section 22.011(a)(2)(A); indeed, in Johnson,
the court cited Vasquez as controlling, and Vasquez was a
statutory rape case.  Johnson, 967
S.W.2d at 849-50; Vasquez, 622 S.W.2d at 865.





[6]  Appellant
essentially contends that section 6.02 requires that a mental state regarding a
victim’s age be read into section 22.011(a)(2)(A).  Section 6.02 provides as follows:

 

(a) Except as provided in Subsection (b), a person
does not commit an offense unless he intentionally, knowingly, recklessly, or
with criminal negligence engages in conduct as the definition of the offense
requires.

(b) If the definition of an offense does not prescribe
a culpable mental state, a culpable mental state is nevertheless required
unless the definition plainly dispenses with any mental element.

(c) If the definition of an offense does not prescribe
a culpable mental state, but one is nevertheless required under Subsection (b),
intent, knowledge, or recklessness suffices to establish criminal
responsibility.

(d) Culpable mental states are classified according to
relative degrees, from highest to lowest, as follows:

(1) intentional;

(2) knowing;

(3) reckless;

(4) criminal negligence.

(e) Proof of a higher degree of culpability than that
charged constitutes proof of the culpability charged.

 

Tex. Pen. Code Ann. § 6.02.





[7]  In 1993, the
legislature amended section 6.02 to remove the superfluous phrase “of this
section” from subsections (a) and (c). 
Act of June 19, 1993, 73rd Leg., R.S., ch 900, 1993 Tex. Gen. Laws 3586,
3592.