

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

Nos. 07-12-00235-CR,
07-12-00236-CR

TY TUCKNESS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Potter County, Texas
Trial Court Nos. 63,052-A and 63,053-A, Honorable Dan L. Schaap, Presiding

November 21, 2013

## MEMORANDUM OPINION

Before QUINN, C.J. and CAMPBELL and HANCOCK, JJ.

Appellant, Ty Tuckness, was indicted in two indictments for the offenses of aggravated sexual assault of a child,[1] with each indictment enhanced for punishment.[2] Appellant was convicted by a jury of both indicted offenses and sentenced to incarceration in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ) for 50 years on each offense, with the terms of confinement to be served

---

[1] *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i), (iii), (2)(B) (West Supp. 2013).

[2] *See id.* § 12.42(c)(1) (West Supp. 2013).

concurrently. Appellant brings forth three issues for our consideration. First, appellant contends that the evidence was insufficient to prove that he knew the complainant was under 14 years of age. Second, appellant contends that the trial court abused its discretion in allowing the sexual assault nurse examiner to testify regarding certain statements made by complainant during her exam. Finally, appellant contends the evidence was insufficient to sustain the order for appellant to pay his appointed attorney's fees. We disagree with appellant as to the first two issues, and the State has conceded appellant is correct as to the last issue; therefore, we will affirm the trial court's judgment as reformed.

## Factual and Procedural Background

The complaining witness, B.H., was home on February 2, 2011, and, as a result, ended up accompanying appellant while he ran some errands. After finishing his errands, appellant pulled his vehicle into an alley. Appellant's vehicle came to a stop and appellant reached across the seat and pulled B.H.'s shirt up and began kissing her breast. While doing this, appellant also began to rub her vaginal area on the outside of her clothing. B.H. got appellant to stop, and he drove her to the home he shared with his mother. Upon arrival, appellant opened the garage door and ushered B.H. in. She went in and appellant promptly locked the door behind her.

After a short period, during which appellant and B.H. smoked some cigarettes, appellant instructed B.H. to stand up from the stool she was seated on. Initially, B.H. did not comply; however, appellant kept insisting and, when she did stand up, appellant pulled her pants and panties down toward her knees and ankles. Appellant proceeded

2

to kiss and bite B.H.'s vaginal area. Ultimately, appellant placed his finger into her vaginal area.

Appellant's actions toward B.H. were interrupted by the appearance of Paul Toland at the door of the garage. Toland rented the apartment above the garage and had driven into the driveway of the garage and approached the door. Upon finding the door locked, Toland began to call for the door to be opened. Appellant, upon hearing Toland drive up in the driveway, pulled B.H.'s pants up and threatened her if she told anyone about the incident.

Later, appellant took B.H. home, and B.H. did not report anything about the incident to her mother. The following day, B.H. went to school and made an outcry statement to the school counselor, Stephanie Johnson. Johnson called the police and, eventually, B.H. and her mother made statements to the police regarding appellant's actions and his relationship with B.H. and her mother. As part of the initial investigation, B.H. was taken to the hospital for an examination by a sexual assault nurse examiner. This nurse testified at the trial.

After hearing the evidence, the jury found appellant guilty of both offenses and found that the enhancement paragraph attached to each indictment was true. The same jury heard the punishment evidence and returned a sentence of confinement in the ID-TDCJ for a period of 50 years on each offense. Appellant appeals, contesting the sufficiency of the evidence to support the jury's verdict regarding his knowledge that B.H. was younger than 14 years of age, the trial court's admission of the testimony of the SANE nurse regarding her interview of B.H., and the propriety of ordering appellant to pay his appointed attorney's fees. For reasons hereinafter stated, we will reform the

3

judgment of the trial court to delete the attorney's fees provision and affirm said judgment in all other respects.

Sufficiency of the Evidence

Appellant's first issue does not contest the general sufficiency of the evidence to sustain the jury's verdicts against him; rather, it contests the sufficiency of the evidence as to only one matter: "Was the evidence sufficient for the State to prove that appellant knew that B.H. was younger than 14 years?"

Standard of Review and the Applicable Law

The parties are familiar with the standard of review as outlined in *Jackson v. Virginia*, 443 U. S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979), and *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010), and we cite them to the parties for that purpose. In order to prove the offense of aggravated sexual assault, the State had to present evidence that:

(1) Appellant

(2) intentionally or knowingly

(3) causes the penetration of the anus or sexual organ of a child by any means;[3] causes the sexual organ of a child to contact or penetrate the mouth, anus or sexual organ of another person, including the actor;[4]

(4) if the victim is younger than 14 years of age.

---

[3] This is from the indictment in No. 07-12-00236-CR.

[4] This is from the indictment in No. 07-12-00235-CR.

TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i), (iii), (2)(B).[5] The requirements of scienter are determined by statute and not by the particular facts of a case. *See Bell v. State*, 326 S.W.3d 716, 722 (Tex. App.—Dallas 2010, pet. dism'd, untimely filed).

Analysis

From our review of the Texas Penal Code provisions involved in this case, it is clear that there is no requirement that the State prove that appellant knew that B.H. was younger than 14 years old. Such is the consistent holding of the courts in Texas. *See Johnson v. State*, 967 S.W.2d 848, 849 (Tex. Crim. App. 1998) (en banc); *Vasquez v. State*, 622 S.W.2d 864, 865 (Tex. Crim. App. [Panel Op.] 1981). The legislature has the prerogative to define and punish acts as criminal. *See Ex parte Smith*, 441 S.W.2d 544, 547 (Tex. Crim. App. 1969). This includes the prerogative to create strict liability crimes where there is an "overriding governmental interest in promoting the health, safety, and welfare of its citizens." *Dubuisson v. State*, 572 S.W.2d 694, 699 (Tex. Crim. App. [Panel Op.] 1978). This authority of the legislature has been consistently upheld. *See Zubia v. State*, 998 S.W.2d 226, 227 (Tex. Crim. App. 1999) (en banc) (noting "criminal statutes focusing on child victims tend not to require scienter as to age"). Accordingly, we find that the State was not required to prove that appellant knew that B.H. was a child younger than 14 years. Appellant's first issue is overruled.

## Testimony of SANE Nurse

In his second issue, appellant contends that the trial court erred in admitting the SANE nurse's testimony regarding what B.H. told her about striking appellant in the

---

[5] Further reference to the Texas Penal Code will be by reference to "section ____" or "§ ____."

head during the first assault in the alley. According to appellant's theory, the error was due to the lack of any proof that B.H. truly understood the necessity for telling the truth while giving the medical history and diagnosis portion of the SANE process to the nurse. Further, it is ultimately appellant's contention that, because he produced a number of witnesses that opined that B.H. had a bad reputation for truthfulness, the State could not meet this truthfulness requirement to allow the admission of the SANE nurse's testimony regarding what B.H. told her. Appellant admits that he is not questioning the trial court's admission of this evidence for the purposes of challenging the finding of guilt; rather, appellant's challenge goes to the punishment assessed.

Standard of Review

We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *See Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). A trial court abuses its discretion when its decision to admit or exclude evidence lies outside the zone of reasonable disagreement. *See Billodeau v. State*, 277 S.W.3d 34, 39 (Tex. Crim. App. 2009). As a reviewing court, we consider the trial court's ruling in light of what the evidence was before the trial court at the time of the ruling. *See id.* Further, we note that we grant great deference to a trial court's decision to admit or exclude evidence when that decision is based upon the trial court's view of the credibility and demeanor of the witness. *See Delao v. State*, 235 S.W.3d 235, 238 (Tex. Crim. App. 2007).

Law

Hearsay is not admissible except as provided by statute or the Texas Rules of Evidence or pursuant to rules prescribed by other statutory authority. TEX. R. EVID.

6

802;[6] *see Taylor v. State*, 268 S.W.3d 571, 578 (Tex. Crim. App. 2008).  Rule 803(4) provides one such exception and states that "[s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof as reasonably pertinent to diagnosis or treatment."  Rule 803(4).

Analysis

Appellant's complaint about the SANE nurse's recitation from the personal history portion of B.H.'s examination centers upon the alleged lack of veracity of B.H. and, that for such a statement to be admissible under the exception to hearsay, Rule 803(4), the statement must have some indicia of veracity.  *See Taylor*, 268 S.W.3d at 588-89.

As appellant analyzes the evidence presented at the trial, he comes to the conclusion that B.H. cannot be trusted to have told the truth to the SANE nurse, and, therefore, the statement made for purposes of medical diagnosis or treatment does not meet the threshold requirement of veracity.  Accordingly, the trial court erred when it admitted the testimony.

Our review of the record of the SANE nurse's testimony and the objection made by trial counsel leads us to question whether this issue has been properly preserved for appeal.  At the trial, appellant's counsel objected that the statement made by B.H. was not taken down for purposes of medical diagnosis or treatment but simply as part of a forensic gathering of evidence against appellant.  Appellant's objection before this Court

---

[6] Further reference to the Texas Rules of Evidence will be by reference to "Rule ____."

seems to concede that the general statement was made for purposes of medical diagnosis or treatment but opines that the same is still inadmissible because there is no assurance that B.H. understood the necessity to speak truthfully or that she would speak truthfully. Thus, the issue, as presented by appellant, does not, in our opinion, comport with the objection made by trial counsel. *See* TEX. R. APP. P. 33.1(a)(1)(A); *Dixon v. State*, 2 S.W.3d 263, 273 (Tex. Crim. App. 1999) (en banc) (op. on reh'g).

Even if we were to assume that the issue has been properly preserved, we would still overrule appellant's contention. Appellant's contention is based upon the proposition that, even though B.H. said she understood at the time of giving the medical history to the SANE nurse that she needed to speak truthfully, the record of the trial indicates that B.H. is almost incapable of speaking truthfully. As appellant's theory goes, B.H.'s issues with truthfulness are aptly shown by the witnesses who testified that B.H. had a bad reputation for truthfulness. However, a closer reading of the record reveals that, at the time the trial court was considering the testimony of the SANE nurse, only appellant's mother made what might be called a general allusion to the fact that B.H. sometimes did not tell the truth. It is true that, later, several other witnesses testified that B.H. had a bad reputation for telling the truth; however, none of these witnesses had testified at the time of the trial court's ruling. Remembering that, as a reviewing court, we consider the trial court's ruling in light of what the evidence was before the trial court at the time of the ruling. *See Billodeau*, 277 S.W.3d at 39. Additionally, the trial court observed the demeanor of B.H. when she testified about seeing the SANE nurse and giving the medical history. It is within the trial court's purview to observe the credibility and demeanor of the witnesses and we, the reviewing court, grant much deference to those decisions. *See Delao*, 235 S.W.3d at 238.

Accordingly, we cannot say that the trial court's decision to admit the testimony of the SANE nurse was outside the zone of reasonable disagreement. *See Billodeau*, 277 S.W.3d at 39. Therefore, we will overrule appellant's second issue.

## Appointed Attorney's Fees

Appellant's third issue complains that the evidence was insufficient to sustain the order for appellant to repay the county for the fees paid to his appointed attorney. The State has conceded this issue. Accordingly, after reviewing the record, we will sustain appellant's third issue. The judgment is ordered to be reformed to delete the requirement that appellant repay the cost of his appointed attorney.

## Conclusion

Having overruled appellant's first two issues, we affirm the trial court's judgment as reformed.

Mackey K. Hancock
Justice

Do not publish.

9