

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1250-12

**MARK ALEXANDER FLEMING, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SECOND COURT OF APPEALS
### DENTON COUNTY

**ALCALA, J., filed a concurring opinion.**

### CONCURRING OPINION

I wholeheartedly join the majority opinion's affirmance of the conviction of Mark

Alexander Fleming, appellant, for aggravated sexual assault of a child. I write separately to

further discuss why I believe that (1) this Court's decision is consistent with Supreme Court

precedent, (2) emerging technology may be less consequential in these cases than it may

appear at first blush, (3) permitting a mistake-of-fact defense would negatively impact the

reporting and prosecution of this type of crime, and (4) appellant's claim of mistake of fact

is unreasonable even if this Court were to recognize the propriety of a such a defense.

## I.  The Majority Opinion is Consistent With Supreme Court Precedent

Although, as a general principle, criminal intent must be proven beyond a reasonable doubt to sustain a conviction, the Supreme Court has repeatedly observed that proof of the age of a child in a prosecution for statutory rape is an exception to that general rule.  *See Morissette v. United States*, 342 U.S. 246, 251, 72 S. Ct. 240, 244 (1952).  In *Morissette*, the Supreme Court described the historical recognition by common-law commentators that there are "a few exceptions" to the "sweeping statement that to constitute any crime there must first be a 'vicious will.'"  *Id*.  It stated, "Exceptions came to include sex offenses, such as rape, in which the victim's actual age was determinative despite defendant's reasonable belief that the girl had reached age of consent."  *Id*. at 251 n.8.  Decades after the *Morissette* decision, the Supreme Court reaffirmed this principle in *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 72 n.2, 115 S. Ct. 464, 469 (1994).  In *X-Citement Video*, the Supreme Court stated, "*Morissette*'s treatment of the common-law presumption of *mens rea* recognized that the presumption expressly excepted 'sex offenses, such as [statutory] rape[.]'"  *Id*.  (quoting *Morissette*, 342 U.S. at 251 n.8).  Distinguishing, on one hand, child-pornography distribution offenses, which would require proof of criminal intent as to the age of the child, from statutory rape, which, on the other hand, would not require proof of that intent, the Supreme Court explained that the rapist "confronts the underage victim personally and may reasonably be required to ascertain that victim's age."  *Id*.  In each of these instances, the Supreme Court has suggested that a defendant who has had personal sexual

contact with a child-complainant is unreasonable in claiming that he was unaware that the child was not an adult. *See id.* In none of these cases has the Supreme Court suggested that it is unconstitutional to place the burden on the adult to affirmatively determine that a sexual partner is actually an adult rather than a child. *See id.*

In its more recent decision in *Lawrence v. Texas*, the Supreme Court did not suggest that due process would require a mistake-of-fact defense as to the age of the child in a prosecution for a sexual offense. *See Lawrence v. Texas*, 539 U.S. 558, 569, 123 S. Ct. 2472 (2003). Rather, in deciding whether due process would extend to protect the right of homosexual adults to engage in consensual sex, the Supreme Court in *Lawrence* described the difference between Texas's sodomy law that Texas was enforcing against two consenting adults as compared to the historical origin of sodomy laws. It explained that, in the 19th century,

> [l]aws prohibiting sodomy do not seem to have been enforced against consenting adults acting in private. A substantial number of sodomy prosecutions and convictions for which there are surviving records were for predatory acts against *those who could not* or did not consent, *as in the case of a minor* or the victim of an assault. . . . Instead of targeting relations between consenting adults in private, 19th-century sodomy prosecutions typically involved relations between men and minor girls or minor boys, relations between adults involving force, relations between adults implicating disparity in status, or relations between men and animals.

*Id*. (emphasis added). In deciding that the enforcement of sodomy laws against two consenting adults violated due process, the Supreme Court distinguished that situation from 19th-century laws that prohibited sexual acts with children or non-consenting adults, which

were not unconstitutional. *Id*. at 578 ("The present case does not involve minors. It does not involve persons who might be injured or coerced or who are situated in relationships where consent might not easily be refused."). Texas's view in enforcing sodomy laws against two consenting adults, therefore, was inconsistent with the historical application of those laws to protect a child from having sexual relations with an adult, as here. *Id*.

Furthermore, and of particular relevance to the issues presently before this Court, nothing in *Lawrence* suggests that a defendant has a constitutional right to a mistake-of-fact defense as to his belief about the age of a child who was thirteen years old at the time of a sexual offense. *Id*. at 578-79. The issue in *Lawrence*, as described by the Supreme Court, was "whether the petitioners were free as adults to engage in the private conduct in the exercise of their liberty" under due process. *Id.* at 564. The Court emphasized that "as a general rule," the State should avoid "defin[ing] the meaning of the relationship or to set its boundaries absent injury to a person or abuse of an institution the law protects," and it further noted that its decision was rooted in the principle "that adults may choose to enter upon this relationship in the confines of their homes and their own private lives and still retain their dignity as free persons." *Id*. at 567. The Court concluded that its ruling did not involve minors, non-consenting or coercive relationships, public conduct, or prostitution, but rather "two adults who, with full and mutual consent from each other, engaged in sexual practices common to a homosexual lifestyle." *Id*. at 578. The holding in *Lawrence* was thus limited to a situation involving two consenting adults, a matter in which there is "no legitimate state

interest," but that decision cannot rationally be used as a basis to argue that the same standard should apply when the State has a legitimate interest at stake, that of protecting children from sexual abuse. *See id.* In *Lawrence*, as in its earlier decisions, the Supreme Court has carefully drawn lines to ensure that the State remains free to enact legislation that gives effect to its legitimate interest in the protection of children. *See id.* Because a mistake-of-age defense is not constitutionally required, only a minority of jurisdictions permit this defense under similar facts.[1]

Consistent with Supreme Court precedent, Texas's aggravated-sexual-assault statute does not prescribe any mental state as to the age of a child in a prosecution under that statute. *See* TEX. PENAL CODE § 22.021(a)(1)(B). Under Texas law as dictated by the Legislature, the offense of aggravated sexual assault of a child does not require the State to provide

---

[1] For example, the Model Penal Code allows the defense of reasonable mistake as to age when the victim is over the age of ten, and federal law allows for a mistake-of-age defense when the minor is between the ages of twelve and sixteen. *See* Model Penal Code § 213.6; 18 U.S.C. § 2243(c)(1). But, viewed in a different light, this also means that the Model Penal Code does not allow a mistake-of-fact defense when the victim is ten or younger, and federal law does not allow it when the victim is eleven or younger. Here, the complainant was thirteen years old. The difference between the Model Penal Code and federal law and the situation here, therefore, is not that those laws allow a mistake-of-age defense in all cases, but instead that those laws would allow the defense for complainants who are older than ten or eleven years old. The question before us then comes down to a matter of degree: Given that the mistake-of-age defense is not permitted for children ages ten and eleven and under in several other jurisdictions, is it unconstitutional if it is not permitted for children ages thirteen and under in Texas? I cannot conclude that the federal Constitution would draw a bold line here. I also note that only seventeen states permit the mistake-of-age defense, with at least twenty-three jurisdictions characterizing "statutory rape" as a strict-liability offense. *See United States v. Rodriguez*, 711 F.3d 541, 557 (5th Cir. 2013) (citing Catherine L. Carpenter, *On Statutory Rape, Strict Liability, and the Public Welfare Offense Model*, 53 AM. U. L. REV. 313, 385-91 (2003)). The majority rule in the United States, therefore, is to not permit a defense on mistake as to the age of a child-victim. *Id.*

evidence that the defendant was aware of a child-complainant's age at the time of the offense, nor does it allow a defendant to raise a defense on that basis. *See id.*[2] This Court has repeatedly observed that the statutory language neither requires proof of *mens rea* as to the child's age nor provides for a mistake-of-age defense.[3] I conclude that this Court must abide by Supreme Court precedent and Texas law as written, rather than legislate from the bench by creating a non-statutory defense where none is required.[4] I, therefore, agree with

---

[2] Under Texas law, a defendant commits aggravated sexual assault of a child, a first-degree felony, if he has sexual relations with a child thirteen years of age or under, and a lesser offense of sexual assault of a child, a second-degree felony, if he has sexual relations with a child fourteen to sixteen years of age. *See* TEX. PENAL CODE §§ 22.011(a); 22.021(a). By punishing offenders who victimize children thirteen years of age and younger at the highest punishment range available, regardless of the reasonableness of the actor's belief about the child's age, the Texas Legislature has determined that these younger children deserve society's greatest protection. *See id.* Under Texas law, children ages thirteen and under may never consent to sexual relations under any circumstances. *See id.* In contrast, teenaged children at ages fourteen through sixteen may consent to sexual relations with a spouse or a person around their same age. *See id.* § 22.011(e). The Texas Legislature, therefore, has drawn an absolute line of no consent under any circumstances at thirteen years of age or younger. *See id.* § 22.021(a). The Legislature has "not acted unreasonably or arbitrarily" in determining that children thirteen years of age and younger are deserving of special protection. *See Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002) (examining for unreasonable and arbitrary acts of Legislature to determine whether statute is unconstitutional).

[3] *See Black v. State*, 26 S.W.3d 895, 898 (Tex. Crim. App. 2000) (per curiam) ("No scienter with respect to the lack of consent in sexual assault and aggravated sexual assault is required when the victim is a child. Nor is mistake of fact with respect to the victim's age a defense to either form of sexual assault.") (citations omitted); *see also Vasquez v. State*, 622 S.W.2d 864, 866 (Tex. Crim. App. 1981) (stating that, under well-established Texas law, "it had consistently been held that a female under the age fixed by statute was deemed in law to be incapable of consenting to an act of sexual intercourse, and one who had committed the act on her was guilty of rape, notwithstanding the fact that he had obtained her actual consent, or was ignorant of her age, or even though she invited or persuaded him to have intercourse with her").

[4] I note here that part of the rationale offered by the dissenters in support of permitting a mistake-of-fact defense under these circumstances is that the Legislature has enacted sex-offender-registration laws that apply to a defendant "even if the finder of fact believed that the defendant was

(continued...)

the majority opinion that, under Supreme Court precedent, the federal Constitution does not require that a defendant be afforded a mistake-of-fact defense as to a child-complainant's age and that this is a matter solely for the Texas Legislature to determine.

## II. Existence of Emerging Technology May Be Inconsequential

Anyone can easily see that children now, unlike historically, have unprecedented access to emerging technology, cell phones, texts, and social media web sites. And children may falsify their ages on a web site or take Glamour Shots that make them appear older. Had this complainant and appellant never met in person, facts like these would likely be a good reason to explain how technological developments might impact this case. But this is not a situation where impersonal communication took place over an electronic medium, or under circumstances in which an adult may have been unaware that the person on the other end of the electronic communication was a child. Here, appellant and the complainant met in person and engaged in sexual intercourse on multiple occasions. The fact that some children will misstate their age on web sites and that this may consequently mislead someone who has never met them as to their age presents a completely different situation from one involving a defendant who engages in person-to-person, intimate sexual contact with a child. Sexual

---

(...continued)

entirely blameless with respect to whether he was dealing with a child." But the view that an individual can be "blameless" when he has sexual intercourse with a child under fourteen years of age runs contrary to the legislative determination that the burden of ensuring that a sexual partner is of legal age falls squarely on the defendant, who must verify that the person with whom he is intimate is not a child. In failing to meet his burden under Texas law to ascertain that his intimate partner is legally capable of consent, a defendant who has sexual intercourse with a child under the age of fourteen can hardly be called "blameless."

intercourse between an adult and a minor that occurred in the pre-cell phone era is fundamentally no different than the nature of its occurrence now. Nothing about this intimate sexual contact has changed an adult's historical burden to make himself aware of the age of the child. It is the adult's responsibility to ascertain the true age of the child, particularly one who is thirteen years of age or younger. *See* TEX. PENAL CODE § 22.021(a)(2)(B). The Supreme Court's description of the situation is as applicable now as it was six decades ago: The rapist "confronts the underage victim personally and may reasonably be required to ascertain that victim's age." *X-Citement Video*, 513 U.S. at 72 n.2 (citing *Morissette*, 342 U.S. at 251 n.8).

Although I remain unpersuaded that emerging technology compels us to constitutionally require a mistake-of-fact defense under these circumstances, as a matter of public policy, it may be appropriate for the Legislature to consider whether to permit such a defense for older, high-school-aged teenagers with a limited right of consent. Here, the dissenting opinion is advocating for a mistake-of-fact defense that would apply to situations involving younger, middle-school-aged children. Assuming a child begins kindergarten at the age of five, that child will be thirteen years old at the beginning of eighth grade, which is in middle school in Texas, and will be fourteen years old at the beginning of ninth grade, which is in high school. As a matter of law, no adult should be able to claim that he was reasonably mistaken that a middle-school-aged child was an adult. I continue to believe that this defense is inappropriate in cases involving children who are thirteen years of age and

younger because those children are statutorily incapable of giving any kind of consent. *See* TEX. PENAL CODE § 22.021(a)(2)(B). In any event, this determination is ultimately for the legislative branch alone to make, rather than the judicial branch.

### III. Permitting a Mistake-of-Fact Defense Would Negatively Impact Reporting and Prosecution of Child Sex Offenses

It is suggested that if this Court were to permit it, the mistake-of-fact defense would apply only in rare cases when a defendant could produce evidence demonstrating that he harbored a reasonable but mistaken belief as to the age of the child with whom he engaged in sexual contact. This suggestion underestimates the probable impact of this Court's adoption of such a defense, which, if permitted, would be raised in virtually any case in which a defendant could plausibly claim that he was unaware of the complainant's age. At trial, knowing that he would be acquitted if a jury believed his testimony, a defendant could testify that he believed the child-complainant, even one as young as ten years of age, appeared to be above the age of consent. His defense strategy would be to show that his belief was reasonable by asking questions of the child and her family designed to convince the jury that she did things to make herself look and sound older than her actual age. Furthermore, if the mistake-of-fact defense were constitutionally required as suggested by the dissenting opinion, the trial court would be compelled to permit the defense attorney to ask the following types of questions of the complainant: whether she wore makeup; how she wore her hair; whether she wore skinny jeans or mini skirts; whether she had been through puberty, was developed, and wore a bra, and, if so, what size; what types of books, movies,

videos, and music she enjoyed; whether she had a cell phone or texted people; whether she had a Facebook page and what kinds of pictures she posted there; what her friends looked like and how old they were; whether she was permitted to date; whether she ever broke her parents' rules; and other personal and embarrassing questions. The trial would be converted from one that judges the defendant's conduct to one that places the victim and her family on trial. Avoiding this type of victim-bashing was precisely why rape shield laws were passed decades ago. *See* TEX. R. EVID. 412 (prohibiting evidence of past sexual behavior of sexual-assault victim). Rape shield laws became necessary because the possible introduction at trial of embarrassing details about a rape victim's sexual history was deterring victims from reporting crimes and testifying in court. If this Court were to permit a mistake-of-fact defense under the misguided belief that it was constitutionally required, then trial-court judges would be similarly constitutionally required to permit defense interrogations posed to young children and their families about embarrassing personal matters. The likely result would be the re-victimization of these young sexual-assault victims at each of their respective trials. The farther reaching consequence would be to deter children and their families from reporting sex offenses out of fear that they too would be subjected to humiliation and embarrassment in the courtroom. Absent any constitutional imperative that would require it to do so, this Court should not permit a mistake-of-fact defense when such a ruling would have the practical effect of diminishing protections for victims and their families and deterring reporting of sex crimes.

### IV.  Appellant Has Failed to Show that He Acted Reasonably

Assuming that this Court permitted a mistake-of-fact defense as to a statutory rape victim's age, to show its applicability here, appellant would have had to provide at least a scintilla of evidence to support his argument that he formed a reasonable belief that the complainant was an adult over seventeen years of age.  *See Allen v. State*, 253 S.W.3d 260, 267 (Tex. Crim. App. 2008); TEX. PENAL CODE §§ 8.02(a) (defense exists where a mistaken, "reasonable belief" about a matter of fact "negate[s] the kind of culpability" required for the offense), 1.07(a)(42) ("reasonable belief" is that which "would be held by an ordinary and prudent man in the same circumstances as the actor").  The record indicates that at the time when he committed the offense, appellant was twenty-four years of age and the complainant was more than a decade his junior at thirteen years of age.  Even according to his own evidence, appellant was reckless and unreasonable about determining whether the complainant was actually over seventeen years of age.  According to appellant's theory, the complainant lied about her age, telling him she was twenty-two but showing that her age was twenty on her MySpace page.  She lived with her parents.  Appellant wrote a love letter claiming that he knew that she was four or five years younger than he, which further indicates that he did not attempt to determine how old she really was and, in fact, knew that she was much younger.  The fact that other people who had limited contact with the complainant may also have been reckless about failing to determine her correct age does not change appellant's recklessness into reasonable conduct.  *See Montgomery v. State*, 588

S.W.2d 950, 953 (Tex. Crim. App. 1979) ("The mistake of fact defense . . . is based on the mistaken belief of the accused, and it looks to the conduct of others only to the extent that any such conduct contributes to the mistaken belief."); *Lasker v. State*, 573 S.W.2d 539, 542 (Tex. Crim. App. 1978). Appellant had extensive contact with the complainant, so the reasonableness of his belief should be judged by a different standard than the beliefs of those who had limited contact with the complainant. Furthermore, group recklessness by a defendant's friends and others should not amount to a license to prey upon children who are thirteen and younger under the veil of reasonableness. Appellant's own theory, therefore, shows that he did not ever directly ascertain from the complainant her actual age and that he remained recklessly ignorant about that fact. In short, his evidence of his mistaken belief fails to show that he was reasonably mistaken about the complainant's true age.

### V. Conclusion

Society recognizes that young children ages thirteen and under are especially vulnerable to adults, who can easily overpower them physically and mentally. Furthermore, these young children lack the judgment to assess and avoid potentially dangerous situations. These young children, therefore, may exhibit bad judgment in deceiving others about their age, coming home late, or spending the night away from home without permission. The question is not whether young children lack judgment; they do. The question is whether the federal Constitution requires us to recognize an affirmative defense based on the defendant's reasonable but mistaken belief that a child thirteen years old or under was an adult capable

of consent. By declining to impose a mental-state requirement as to the age of the child, the Legislature has squarely placed the burden on the adult to determine that the person he is having sex with is not actually thirteen years old or younger. The severe penalties for getting it wrong are the Legislature's way of incentivizing due diligence and ensuring that it is adults, not children, who are encumbered with this responsibility. I conclude that the elevated punishments imposed by the Texas Legislature in response to the victimization of young children strengthen rather than subvert my conclusion that a defendant's due-process rights do not encompass the entitlement to a mistake-of-fact defense in an aggravated-sexual-assault case.

With these comments, I respectfully concur.

Filed: June 18, 2014

Publish