Death Opinion













IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NO. PD-1250-12






 MARK ALEXANDER FLEMING, Appellant





v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SECOND COURT OF APPEALS


DENTON COUNTY




 Alcala, J., filed a concurring opinion.


CONCURRING OPINION


 I wholeheartedly join the majority opinion's affirmance of the conviction of Mark
Alexander Fleming, appellant, for aggravated sexual assault of a child. I write separately to
further discuss why I believe that (1) this Court's decision is consistent with Supreme Court
precedent, (2) emerging technology may be less consequential in these cases than it may
appear at first blush, (3) permitting a mistake-of-fact defense would negatively impact the
reporting and prosecution of this type of crime, and (4) appellant's claim of mistake of fact
is unreasonable even if this Court were to recognize the propriety of a such a defense.

I. The Majority Opinion is Consistent With Supreme Court Precedent 

 Although, as a general principle, criminal intent must be proven beyond a reasonable
doubt to sustain a conviction, the Supreme Court has repeatedly observed that proof of the
age of a child in a prosecution for statutory rape is an exception to that general rule. See
Morissette v. United States, 342 U.S. 246, 251, 72 S. Ct. 240, 244 (1952). In Morissette, the
Supreme Court described the historical recognition by common-law commentators that there
are "a few exceptions" to the "sweeping statement that to constitute any crime there must
first be a 'vicious will.'" Id. It stated, "Exceptions came to include sex offenses, such as
rape, in which the victim's actual age was determinative despite defendant's reasonable
belief that the girl had reached age of consent."  Id. at 251 n.8.  Decades after the Morissette
decision, the Supreme Court reaffirmed this principle in United States v. X-Citement Video,
Inc., 513 U.S. 64, 72 n.2, 115 S. Ct. 464, 469 (1994). In X-Citement Video, the Supreme
Court stated, "Morissette's treatment of the common-law presumption of mens rea
recognized that the presumption expressly excepted 'sex offenses, such as [statutory]
rape[.]'"  Id. (quoting Morissette, 342 U.S. at 251 n.8). Distinguishing, on one hand, child-pornography distribution offenses, which would require proof of criminal intent as to the age
of the child, from statutory rape, which, on the other hand, would not require proof of that
intent, the Supreme Court explained that the rapist "confronts the underage victim personally
and may reasonably be required to ascertain that victim's age." Id.  In each of these
instances, the Supreme Court has suggested that a defendant who has had personal sexual
contact with a child-complainant is unreasonable in claiming that he was unaware that the
child was not an adult. See id. In none of these cases has the Supreme Court suggested that
it is unconstitutional to place the burden on the adult to affirmatively determine that a sexual
partner is actually an adult rather than a child.  See id.

 In its more recent decision in Lawrence v. Texas, the Supreme Court did not suggest
that due process would require a mistake-of-fact defense as to the age of the child in a
prosecution for a sexual offense. See Lawrence v. Texas, 539 U.S. 558, 569, 123 S. Ct. 2472
(2003). Rather, in deciding whether due process would extend to protect the right of
homosexual adults to engage in consensual sex, the Supreme Court in Lawrence described
the difference between Texas's sodomy law that Texas was enforcing against two consenting
adults as compared to the historical origin of sodomy laws. It explained that, in the 19th
century,

 [l]aws prohibiting sodomy do not seem to have been enforced against
consenting adults acting in private. A substantial number of sodomy
prosecutions and convictions for which there are surviving records were for
predatory acts against those who could not or did not consent, as in the case
of a minor or the victim of an assault. . . . Instead of targeting relations
between consenting adults in private, 19th-century sodomy prosecutions
typically involved relations between men and minor girls or minor boys,
relations between adults involving force, relations between adults implicating
disparity in status, or relations between men and animals. 

Id. (emphasis added). In deciding that the enforcement of sodomy laws against two
consenting adults violated due process, the Supreme Court distinguished that situation from
19th-century laws that prohibited sexual acts with children or non-consenting adults, which
were not unconstitutional. Id. at 578 ("The present case does not involve minors. It does not
involve persons who might be injured or coerced or who are situated in relationships where
consent might not easily be refused."). Texas's view in enforcing sodomy laws against two
consenting adults, therefore, was inconsistent with the historical application of those laws
to protect a child from having sexual relations with an adult, as here. Id.

 Furthermore, and of particular relevance to the issues presently before this Court,
nothing in Lawrence suggests that a defendant has a constitutional right to a mistake-of-fact
defense as to his belief about the age of a child who was thirteen years old at the time of a
sexual offense. Id. at 578-79. The issue in Lawrence, as described by the Supreme Court,
was "whether the petitioners were free as adults to engage in the private conduct in the
exercise of their liberty" under due process. Id. at 564. The Court emphasized that "as a
general rule," the State should avoid "defin[ing] the meaning of the relationship or to set its
boundaries absent injury to a person or abuse of an institution the law protects," and it further
noted that its decision was rooted in the principle "that adults may choose to enter upon this
relationship in the confines of their homes and their own private lives and still retain their
dignity as free persons." Id. at 567. The Court concluded that its ruling did not involve
minors, non-consenting or coercive relationships, public conduct, or prostitution, but rather
"two adults who, with full and mutual consent from each other, engaged in sexual practices
common to a homosexual lifestyle." Id. at 578. The holding in Lawrence was thus limited
to a situation involving two consenting adults, a matter in which there is "no legitimate state
interest," but that decision cannot rationally be used as a basis to argue that the same standard
should apply when the State has a legitimate interest at stake, that of protecting children from
sexual abuse. See id. In Lawrence, as in its earlier decisions, the Supreme Court has
carefully drawn lines to ensure that the State remains free to enact legislation that gives effect
to its legitimate interest in the protection of children. See id. Because a mistake-of-age
defense is not constitutionally required, only a minority of jurisdictions permit this defense
under similar facts. (1)

 Consistent with Supreme Court precedent, Texas's aggravated-sexual-assault statute
does not prescribe any mental state as to the age of a child in a prosecution under that statute. 
See Tex. Penal Code § 22.021(a)(1)(B). Under Texas law as dictated by the Legislature,
the offense of aggravated sexual assault of a child does not require the State to provide
evidence that the defendant was aware of a child-complainant's age at the time of the
offense, nor does it allow a defendant to raise a defense on that basis.  See id. (2) This Court
has repeatedly observed that the statutory language neither requires proof of mens rea as to
the child's age nor provides for a mistake-of-age defense. (3) I conclude that this Court must
abide by Supreme Court precedent and Texas law as written, rather than legislate from the
bench by creating a non-statutory defense where none is required. (4) I, therefore, agree with
the majority opinion that, under Supreme Court precedent, the federal Constitution does not
require that a defendant be afforded a mistake-of-fact defense as to a child-complainant's age
and that this is a matter solely for the Texas Legislature to determine.

II. Existence of Emerging Technology May Be Inconsequential 

 Anyone can easily see that children now, unlike historically, have unprecedented
access to emerging technology, cell phones, texts, and social media web sites. And children
may falsify their ages on a web site or take Glamour Shots that make them appear older. Had
this complainant and appellant never met in person, facts like these would likely be a good
reason to explain how technological developments might impact this case. But this is not a
situation where impersonal communication took place over an electronic medium, or under
circumstances in which an adult may have been unaware that the person on the other end of
the electronic communication was a child. Here, appellant and the complainant met in person
and engaged in sexual intercourse on multiple occasions. The fact that some children will
misstate their age on web sites and that this may consequently mislead someone who has
never met them as to their age presents a completely different situation from one involving
a defendant who engages in person-to-person, intimate sexual contact with a child. Sexual
intercourse between an adult and a minor that occurred in the pre-cell phone era is
fundamentally no different than the nature of its occurrence now. Nothing about this intimate
sexual contact has changed an adult's historical burden to make himself aware of the age of
the child. It is the adult's responsibility to ascertain the true age of the child, particularly one
who is thirteen years of age or younger. See Tex. Penal Code § 22.021(a)(2)(B). The
Supreme Court's description of the situation is as applicable now as it was six decades ago:
The rapist "confronts the underage victim personally and may reasonably be required to
ascertain that victim's age." X-Citement Video, 513 U.S. at 72 n.2 (citing Morissette, 342
U.S. at 251 n.8).

 Although I remain unpersuaded that emerging technology compels us to
constitutionally require a mistake-of-fact defense under these circumstances, as a matter of
public policy, it may be appropriate for the Legislature to consider whether to permit such
a defense for older, high-school-aged teenagers with a limited right of consent. Here, the
dissenting opinion is advocating for a mistake-of-fact defense that would apply to situations
involving younger, middle-school-aged children. Assuming a child begins kindergarten at
the age of five, that child will be thirteen years old at the beginning of eighth grade, which
is in middle school in Texas, and will be fourteen years old at the beginning of ninth grade,
which is in high school. As a matter of law, no adult should be able to claim that he was
reasonably mistaken that a middle-school-aged child was an adult. I continue to believe that
this defense is inappropriate in cases involving children who are thirteen years of age and
younger because those children are statutorily incapable of giving any kind of consent. See
Tex. Penal Code § 22.021(a)(2)(B). In any event, this determination is ultimately for the
legislative branch alone to make, rather than the judicial branch.

III. Permitting a Mistake-of-Fact Defense Would Negatively Impact Reporting and
Prosecution of Child Sex Offenses


 It is suggested that if this Court were to permit it, the mistake-of-fact defense would
apply only in rare cases when a defendant could produce evidence demonstrating that he
harbored a reasonable but mistaken belief as to the age of the child with whom he engaged
in sexual contact. This suggestion underestimates the probable impact of this Court's
adoption of such a defense, which, if permitted, would be raised in virtually any case in
which a defendant could plausibly claim that he was unaware of the complainant's age. At
trial, knowing that he would be acquitted if a jury believed his testimony, a defendant could
testify that he believed the child-complainant, even one as young as ten years of age,
appeared to be above the age of consent. His defense strategy would be to show that his
belief was reasonable by asking questions of the child and her family designed to convince
the jury that she did things to make herself look and sound older than her actual age. 
Furthermore, if the mistake-of-fact defense were constitutionally required as suggested by
the dissenting opinion, the trial court would be compelled to permit the defense attorney to
ask the following types of questions of the complainant: whether she wore makeup; how she
wore her hair; whether she wore skinny jeans or mini skirts; whether she had been through
puberty, was developed, and wore a bra, and, if so, what size; what types of books, movies,
videos, and music she enjoyed; whether she had a cell phone or texted people; whether she
had a Facebook page and what kinds of pictures she posted there; what her friends looked
like and how old they were; whether she was permitted to date; whether she ever broke her
parents' rules; and other personal and embarrassing questions. The trial would be converted
from one that judges the defendant's conduct to one that places the victim and her family on
trial. Avoiding this type of victim-bashing was precisely why rape shield laws were passed
decades ago. See Tex. R. Evid. 412 (prohibiting evidence of past sexual behavior of sexual-assault victim). Rape shield laws became necessary because the possible introduction at trial
of embarrassing details about a rape victim's sexual history was deterring victims from
reporting crimes and testifying in court. If this Court were to permit a mistake-of-fact
defense under the misguided belief that it was constitutionally required, then trial-court
judges would be similarly constitutionally required to permit defense interrogations posed
to young children and their families about embarrassing personal matters. The likely result
would be the re-victimization of these young sexual-assault victims at each of their respective
trials. The farther reaching consequence would be to deter children and their families from
reporting sex offenses out of fear that they too would be subjected to humiliation and
embarrassment in the courtroom. Absent any constitutional imperative that would require
it to do so, this Court should not permit a mistake-of-fact defense when such a ruling would
have the practical effect of diminishing protections for victims and their families and
deterring reporting of sex crimes.

IV. Appellant Has Failed to Show that He Acted Reasonably

 Assuming that this Court permitted a mistake-of-fact defense as to a statutory rape
victim's age, to show its applicability here, appellant would have had to provide at least a
scintilla of evidence to support his argument that he formed a reasonable belief that the
complainant was an adult over seventeen years of age.  See Allen v. State, 253 S.W.3d 260,
267 (Tex. Crim. App. 2008); Tex. Penal Code §§ 8.02(a) (defense exists where a mistaken,
"reasonable belief" about a matter of fact "negate[s] the kind of culpability" required for the
offense), 1.07(a)(42) ("reasonable belief" is that which "would be held by an ordinary and
prudent man in the same circumstances as the actor"). The record indicates that at the time
when he committed the offense, appellant was twenty-four years of age and the complainant
was more than a decade his junior at thirteen years of age. Even according to his own
evidence, appellant was reckless and unreasonable about determining whether the
complainant was actually over seventeen years of age. According to appellant's theory, the
complainant lied about her age, telling him she was twenty-two but showing that her age was
twenty on her MySpace page. She lived with her parents.  Appellant wrote a love letter
claiming that he knew that she was four or five years younger than he, which further
indicates that he did not attempt to determine how old she really was and, in fact, knew that
she was much younger. The fact that other people who had limited contact with the
complainant may also have been reckless about failing to determine her correct age does not
change appellant's recklessness into reasonable conduct. See Montgomery v. State, 588
S.W.2d 950, 953 (Tex. Crim. App. 1979) ("The mistake of fact defense . . . is based on the
mistaken belief of the accused, and it looks to the conduct of others only to the extent that
any such conduct contributes to the mistaken belief."); Lasker v. State, 573 S.W.2d 539, 542
(Tex. Crim. App. 1978).  Appellant had extensive contact with the complainant, so the
reasonableness of his belief should be judged by a different standard than the beliefs of those
who had limited contact with the complainant.  Furthermore, group recklessness by a
defendant's friends and others should not amount to a license to prey upon children who are
thirteen and younger under the veil of reasonableness. Appellant's own theory, therefore,
shows that he did not ever directly ascertain from the complainant her actual age and that he
remained recklessly ignorant about that fact.  In short, his evidence of his mistaken belief
fails to show that he was reasonably mistaken about the complainant's true age.  

V. Conclusion

 Society recognizes that young children ages thirteen and under are especially
vulnerable to adults, who can easily overpower them physically and mentally.  Furthermore,
these young children lack the judgment to assess and avoid potentially dangerous situations.
 These young children, therefore, may exhibit bad judgment in deceiving others about their
age, coming home late, or spending the night away from home without permission. The
question is not whether young children lack judgment; they do.  The question is whether the
federal Constitution requires us to recognize an affirmative defense based on the defendant's
reasonable but mistaken belief that a child thirteen years old or under was an adult capable
of consent. By declining to impose a mental-state requirement as to the age of the child, the
Legislature has squarely placed the burden on the adult to determine that the person he is
having sex with is not actually thirteen years old or younger. The severe penalties for getting
it wrong are the Legislature's way of incentivizing due diligence and ensuring that it is
adults, not children, who are encumbered with this responsibility. I conclude that the
elevated punishments imposed by the Texas Legislature in response to the victimization of
young children strengthen rather than subvert my conclusion that a defendant's due-process
rights do not encompass the entitlement to a mistake-of-fact defense in an aggravated-sexual-assault case.

 With these comments, I respectfully concur.

Filed: June 18, 2014

Publish

1. For example, the Model Penal Code allows the defense of reasonable mistake as to age when
the victim is over the age of ten, and federal law allows for a mistake-of-age defense when the minor
is between the ages of twelve and sixteen. See Model Penal Code § 213.6; 18 U.S.C. § 2243(c)(1). 
But, viewed in a different light, this also means that the Model Penal Code does not allow a mistake-of-fact defense when the victim is ten or younger, and federal law does not allow it when the victim
is eleven or younger. Here, the complainant was thirteen years old.  The difference between the
Model Penal Code and federal law and the situation here, therefore, is not that those laws allow a
mistake-of-age defense in all cases, but instead that those laws would allow the defense for
complainants who are older than ten or eleven years old. The question before us then comes down
to a matter of degree: Given that the mistake-of-age defense is not permitted for children ages ten
and eleven and under in several other jurisdictions, is it unconstitutional if it is not permitted for
children ages thirteen and under in Texas?  I cannot conclude that the federal Constitution would
draw a bold line here. I also note that only seventeen states permit the mistake-of-age defense, with
at least twenty-three jurisdictions characterizing "statutory rape" as a strict-liability offense. See
United States v. Rodriguez, 711 F.3d 541, 557 (5th Cir. 2013) (citing Catherine L. Carpenter, On
Statutory Rape, Strict Liability, and the Public Welfare Offense Model, 53 Am. U. L. Rev. 313, 385-91 (2003)). The majority rule in the United States, therefore, is to not permit a defense on mistake
as to the age of a child-victim. Id.
2. Under Texas law, a defendant commits aggravated sexual assault of a child, a first-degree
felony, if he has sexual relations with a child thirteen years of age or under, and a lesser offense of
sexual assault of a child, a second-degree felony, if he has sexual relations with a child fourteen to
sixteen years of age. See Tex. Penal Code §§ 22.011(a); 22.021(a). By punishing offenders who
victimize children thirteen years of age and younger at the highest punishment range available,
regardless of the reasonableness of the actor's belief about the child's age, the Texas Legislature has
determined that these younger children deserve society's greatest protection.  See id. Under Texas
law, children ages thirteen and under may never consent to sexual relations under any circumstances.
See id.  In contrast, teenaged children at ages fourteen through sixteen may consent to sexual
relations with a spouse or a person around their same age.  See id. § 22.011(e). The Texas
Legislature, therefore, has drawn an absolute line of no consent under any circumstances at thirteen
years of age or younger.  See id. § 22.021(a). The Legislature has "not acted unreasonably or
arbitrarily" in determining that children thirteen years of age and younger are deserving of special
protection.  See Rodriguez v. State, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002) (examining for
unreasonable and arbitrary acts of Legislature to determine whether statute is unconstitutional).
3. See Black v. State, 26 S.W.3d 895, 898 (Tex. Crim. App. 2000) (per curiam) ("N
o scienter
with respect to the lack of consent in sexual assault and aggravated sexual assault is required when
the victim is a child. Nor is mistake of fact with respect to the victim's age a defense to either form
of sexual assault.") (citations omitted); see also Vasquez v. State, 622 S.W.2d 864, 866 (Tex. Crim.
App. 1981) (stating that, under well-established Texas law, "it had consistently been held that a
female under the age fixed by statute was deemed in law to be incapable of consenting to an act of
sexual intercourse, and one who had committed the act on her was guilty of rape, notwithstanding
the fact that he had obtained her actual consent, or was ignorant of her age, or even though she
invited or persuaded him to have intercourse with her").
4. I note here that part of the rationale offered by the dissenters in support of permitting a
mistake-of-fact defense under these circumstances is that the Legislature has enacted sex-offender-registration laws that apply to a defendant "even if the finder of fact believed that the defendant was
entirely blameless with respect to whether he was dealing with a child." But the view that an
individual can be "blameless" when he has sexual intercourse with a child under fourteen years of
age runs contrary to the legislative determination that the burden of ensuring that a sexual partner
is of legal age falls squarely on the defendant, who must verify that the person with whom he is
intimate is not a child. In failing to meet his burden under Texas law to ascertain that his intimate
partner is legally capable of consent, a defendant who has sexual intercourse with a child under the
age of fourteen can hardly be called "blameless."