**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00172-CR**
_____

**ROBERT HAMILTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. 00-83224**

_____

**MEMORANDUM OPINION**

A jury convicted Robert Hamilton of aggravated sexual assault of a child and assessed punishment at five years of confinement. On appeal, Hamilton complains the trial court erred in allowing witness testimony, instructing the jury, and preventing him from explaining the law to the jury. We overrule the five issues raised in the appeal and affirm the trial court's judgment.

PERTINENT BACKGROUND

In December 2000, a grand jury indicted Hamilton for aggravated sexual assault of a child. *See* Act of June 18, 1999, 1999, 76th Leg., R.S., ch. 417, § 1, 1999 Tex. Gen Laws 2752, 2752 (current version at Tex. Penal Code Ann. § 22.021). The indictment alleged that on or about August 6, 2000, Hamilton sexually assaulted D.J.,[1] a person younger than seventeen years of age and not his spouse, by intentionally and knowingly causing the penetration of D.J.'s female organ by inserting his male sexual organ, and D.J. was younger than fourteen years of age. In December 2000, a warrant was issued for Hamilton's arrest, but he was not arrested until 2019.

During trial, D.J. testified she was twelve years old in August 2000, and she identified Hamilton as her offender. D.J. explained that she knew Hamilton from her apartment complex, and her first interaction with him was at his mother's home, where he took her into the bedroom, removed her clothes, and put his penis into her vagina and moved "up and down." D.J. testified that her friend and her friend's boyfriend were in the home when the assault occurred D.J. explained that she told Hamilton she was twelve years old and to stop, but he continued and told her not to

---

[1]We identify the victim and her family members by their initials to protect the identity of the victim. *See* Tex. Const. art I, § 30(a)(1) (granting crime victims "the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process").

tell anyone. D.J. testified she kept her clothes, which had red and white stains. D.J. also explained that she did not tell anybody about the assault until a week later because she was scared and was not supposed to leave her house that day, and she told her older cousin, who heard that Hamilton was bragging about what he had done to D.J. D.J. reported the incident to the police, went to the hospital for a medical exam, and participated in a forensic interview.

Detective Darren Washburn, the officer who investigated the case, testified that D.J. was twelve years old when the assault occurred, and D.J. made an allegation of sexual assault during her interview at the Garth House. Washburn also testified that a sexual assault nurse examiner ("SANE") examined D.J., and that the exam corroborated D.J.'s allegations. Washburn further testified that he interviewed D.J.'s mother and aunt.

Washburn testified that he interviewed the seventeen-year-old suspect Robert Edward Hamilton, who gave a statement and admitted he put his penis in D.J.'s vagina. Washburn testified that Hamilton gave a voluntary statement, and although he did not check Hamilton's identification, he identified Hamilton by his full name, date of birth, address, phone number, and personal information. Washburn also testified that he did not know if Hamilton was the person he interviewed, but he went to Hamilton's apartment and asked for him.

3

Washburn read a portion of Hamilton's statement to the jury, and in his statement, Hamilton stated that D.J. told him she was fifteen years old and was the one who asked about sex, then they started kissing. Washburn testified that Hamilton admitted to putting his penis in D.J.'s vagina and stopping when D.J. told him she was twelve years old. Washburn testified that Hamilton also admitted that he told D.J.'s mother and cousin that he had sex with D.J. Washburn explained that Hamilton's version described a consensual sexual encounter with someone he thought was fifteen, and in Washburn's opinion, Hamilton's version made himself look better. Washburn also explained that it did not matter how old Hamilton thought D.J. was because she was only twelve, and there was no lawful excuse for having sex with a twelve-year-old.

L.J., D.J.'s mother, testified that in August 2000, D.J. was twelve years old. L.J. explained that D.J. was crying and afraid when she told her something had happened, and after D.J. told L.J.'s cousin about the incident, L.J. reported the assault and gave a statement to the police, and she took D.J. to be examined at the hospital and interviewed at the Garth House. L.J. also explained that she was hurt that D.J. "wouldn't come out and just tell me."

Angela Dillahunty, the SANE who performed the examination on D.J. in 2000, testified that she examined D.J.'s private area and documented a healing tear to her hymen, a hematoma, and some redness and bruising. Dillahunty testified that

4

D.J.'s injury to the hymen indicated there was some penetration to D.J.'s sexual organ, but she could not say what caused the injury. Dillahunty explained that D.J.'s healing tear indicated that the injury was less than a week old. Dillahunty testified that D.J. reported that three days before the exam Robert raped her by putting his private part in her private part. Dillahunty testified that D.J.'s injuries were consistent with her report of sexual assault.

Investigator Lauren Kemp of the Jefferson County Criminal District Attorney's Office testified that she took Hamilton's fingerprints during trial; identified Hamilton by his name, date of birth, and personal features; compared Hamilton's fingerprints to the booking mugshot and profile taken in October 2019; and determined that the two sets of fingerprints were the same.

ANALYSIS

In issue one, Hamilton complains the trial court erred by allowing the State to elicit speculation from Detective Washburn concerning why Hamilton made a statement that the incident was a consensual encounter with a person he believed to be fifteen years old. Hamilton argued that Washburn's opinion regarding whether Hamilton believed his description of the incident would make him look better or worse to the jury was inadmissible speculation that harmed his defense.

The State argues that Washburn's complained-of statement is admissible under Rules of Evidence 602 and 701 as lay opinion testimony. The State maintains

5

that Washburn's testimony is based on Hamilton's sworn statement, in which he claimed D.J. told him she was fifteen years old and that he stopped having sex when she told him she was only twelve years old. The State contends the trial court admitted the testimony as lay opinion testimony because it was rationally based on Washburn's perceptions and was helpful to understanding his testimony or to determining a fact at issue.

We review a trial court's decision to admit evidence under an abuse of discretion standard. *Gonzalez v. State*, 544 S.W.3d 363, 370 (Tex. Crim. App. 2018). Under that standard, the trial court's ruling on evidentiary matters should be upheld as long as it is within the zone of reasonable disagreement. *Id.*; *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003). "[T]he Court of Appeals cannot simply substitute its own decision for the trial court's." *Moses*, 105 S.W.3d at 627.

The Texas Rules of Evidence provides that "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Tex. R. Evid. 602. A lay witness can offer opinion testimony that is rationally based on the witness's perception and helpful to clearly understand the witness's testimony or to determine a fact in issue. Tex. R. Evid. 701; *Osbourn v. State*, 92 S.W.3d 531, 535 (Tex. Crim. App. 2002). A trial court should exclude a proffered lay witness's opinion about what someone else is thinking because such an opinion could never be based on personal knowledge.

*Fairow v. State*, 943 S.W.2d 895, 899 (Tex. Crim. App. 1997). However, "[a]n opinion will satisfy the personal knowledge requirement if it is an interpretation of the witness's objective perception of events (i.e., his own senses or experience)." *Id.* (citation omitted). Thus, a witness may possess personal knowledge of facts from which an opinion regarding mental state can be drawn, and the jury is free to weigh that opinion even if it concerns culpable mental state. *Id.* (citation omitted). Once the perception requirement is met, the trial court must determine whether the opinion is rationally based on that perception, meaning it is an opinion that a reasonable person could draw under the circumstances. *Id.* at 899–900 (citation omitted). The trial court must exclude an opinion not capable of being reasonably formed by the events. *Id.* at 900 (citation omitted).

When the State asked Washburn about whether Hamilton's statement describing a consensual sexual encounter with someone he thought was fifteen years old made him look better or worse, defense counsel objected based on relevance and speculation. Defense counsel argued that Washburn's opinion would be speculating about some other version of the event that had not been alleged that point in the trial. The State argued that Hamilton's version of the events and how it made things look was within Washburn's knowledge because it came directly from the statement Hamilton made to Washburn. The trial court overruled defense counsel's objection, and Washburn testified that Hamilton's version made him look better.

We conclude the trial court did not abuse its discretion in concluding that Washburn's opinion was based on his personal knowledge of the matter, and the trial court did not abuse its discretion in concluding the opinion he offered was rationally based on his perceptions and helpful to understanding his testimony. *See* Tex. R. Evid. 602, 701; *Osbourn*, 92 S.W.3d at 535. Accordingly, we overrule the Hamilton's first issue. *See Gonzalez*, 544 S.W.3d at 370; *Moses*, 105 S.W.3d at 627.

In issue two, Hamilton complains the trial court erred by allowing L.J. to testify concerning her feelings about D.J.'s reluctance to tell her about the allegation. Hamilton argues L.J.'s testimony was inadmissible because L.J.'s feelings were irrelevant to the issues before the jury and offered to inflame the jury. The State argues that the error, if any, was harmless.

The erroneous admission of evidence is non-constitutional error and only requires reversal if it affected the appellant's substantial rights, meaning it had a substantial and injurious effect or influence in determining the jury's verdict. *Gonzalez*, 544 S.W.3d at 373 (citing Tex. R. App. P. 44.2(b)) (other citation omitted). We will not overturn a conviction if, after examining the entire record, we have fair assurance that the alleged error did not influence the jury or had but a slight effect. *Id.* (citing *Taylor v. State*, 268 S.W.3d 571, 592 (Tex. Crim. App. 2008)). In making such a determination, we consider: (1) the character of the alleged error and how it might be considered in connection with other evidence; (2) the nature of the

evidence supporting the verdict; (3) the existence and degree of additional evidence indicating guilt; and (4) whether the State emphasized the complained of error. *Id.* (citing *Motilla v. State*, 78 S.W.3d 352, 356–68 (Tex. Crim. App. 2002)).

Relevant evidence is generally admissible while irrelevant evidence is not. *Gonzalez*, 544 S.W.3d at 370 (citing Tex. R. Evid. 402). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Tex. R. Evid. 401. During trial, when the State asked L.J. how she felt about D.J. not telling her about the incident, defense counsel objected based on relevance, and the trial court overruled the objection. L.J. testified that her feelings were hurt because she thought D.J. would be able to tell her about the incident. Assuming the trial court erred by allowing L.J. to testify about her feelings, we conclude the error was harmless, because after reviewing the entire record, we have fair assurance that the complained of testimony did not influence the jury or had but a slight effect. *See Gonzalez*, 544 S.W.3d at 373; *Taylor*, 268 S.W.3d at 592. We overrule issue two.

In issue three, Hamilton argues the trial court erred by instructing the jury concerning a non-statutory culpable mental state. Hamilton complains that based on the admission of his statement that be believed the alleged victim was fifteen years old, the trial court admitted the State's instruction regarding culpable mental state, which states that "[t]he State does not have to prove the defendant knew the

complainant was younger than fourteen years of age." In issue four, Hamilton argues the instruction included a culpable mental state not contained in the law and constituted an improper comment on the evidence.

The following exchange occurred during the jury charge conference:

> [THE COURT]: . . . [W]hat - - you are requesting that I put some type of instruction in with regard to?

> [THE STATE]: Specifically with regard to the culpable mental state as it does not attach to the knowledge of the victim's age. I drafted some potential language. Under federal law, they have an instruction. (Reading): The State need not prove that the defendant knew the age of the other person engaging in the sexual act.

> I suggest we have some – kind of like we do with burden of proof in definitions and have that heading, call it "Culpable Mental State," maybe and put either "The State is not required to prove the defendant had intent or knowledge with regard to the complaint's age" or "the culpable mental state does not apply to the age of the complainant." I think that's an accurate reflection of what the law is. Case law has been clear as day about that since 2000, since . . . the time of this offense.

> We've already discussed *Fleming* before with regard to the - - . . . defendant's statement that was introduced where he said he believed that she was 15. I think that this is an issue that the defense has created by asking for that part of the statement to come in, and I would like the jury to just - - and I think the Court at the time of letting it in said the jury was going to have the law regarding that issue, so I would like to have something to point them to that says this culpable mental state does not attach to the victim's age, because it says intentionally or knowingly - - it does all these things, but it's not intentionally or knowingly do it to somebody that was under the age of 14.

> . . .

> [THE DEFENSE]: Well, one, I just want to be clear. I objected up and down the street about this statement coming in. I didn't ask for

10

the statement to come in. I wasn't the one proffering the statement. That - - it's not - - I didn't create this fact issue or this problem

The second thing, though, Judge, is we don't normally put in judicially-created descriptions, which is what this is. This is not from the legislature. The legislature wanted to pass law that says intentionally and knowingly does not apply to knowing about the age of the kid. They've had years to do it. They could have codified this. They haven't. So, this is a judicial construction, a judicial interpretation of what the law is supposed to mean. It is not what the law is. It is what the law is on appeal at an appellate court level, but it is not - - it's a judicial construction. The legislature could have worded it differently. They have worded it the way that they have worded it. And we - - my proposal is that we stick to the language that was provided by the legislature and not, you know, what the 14th Court of Appeals judge says about something.

. . . But this is an issue in which the legislature has not spoken. The Courts have, but the legislature hasn't.

So, adding an instruction based on a judicially-created definition is not appropriate, and we would ask that it not be included.

. . .

[THE STATE]: . . . We're talking about a culpable mental state and whether that attaches to a particular element of this offense. It does not attach to the victim's age. That's settled in case law, And the legislature has codified that subsequent to this coming out and subsequent to *Fleming* and all the case is talking about this specific issue. They added language in the Penal Code that is present now, which if you compare to what we're going under - - a person commits an offense if the person intentionally or knowingly causes the penetration of the anus, or penis, or sexual organ by any means, that is what the law . . . was then. What it is now includes this phrase "regardless of whether the defendant knows the age of the child." That's codified now.

. . . So, I think having an instruction that the culpable mental state does not attach to that element makes the most sense.

11

. . .

[THE DEFENSE]: The follow-up to that would be, Judge, this is . . . a 2017 rule change.

[THE COURT]: I understand. But the law and the case law was the same as what this codification is. And I agree with the State, and I'm going to include something. So, now I'm going to figure out what the words are going to be and where to put them.

[THE DEFENSE]: Okay.

. . .

[THE COURT]: . . . I'm going to, after "definition" and before "application of law to facts," add a heading of "culpable mental state." I'm not going to say "victim." I'm going to say "complainant." I will print it out and you guys can look at it.

It says, "The State does not have to prove the defendant knew the complainant was younger than 14 years of age."

. . .

[DEFENSE COUNSEL]: My objection to that is overruled.

[THE COURT]: Right. . . .

A trial court must give the jury a written charge "setting forth the law applicable to the case; not expressing any opinion as to the weight of the evidence, not summing up the testimony, discussing the facts or using any argument in his charge calculated to arouse the symphony or excite the passions of the jury." Tex. Code Crim. Proc. Ann. art. 36.14. In reviewing a claim of jury charge error, we first determine whether the charge is erroneous, and if it is, we must conduct a harm

12

analysis. *Celis v. State*, 416 S.W.3d 419, 423 (Tex. Crim. App. 2013) (citation omitted).

A jury instruction derived from the Penal Code "[i]s generally permitted because it is the applicable statute, and therefore 'the applicable law,' as required by Article 36.14." *Id.* at 433 (quoting *Kirsch v. State*, 357 S.W.3d 645, 651 (Tex. Crim. App. 2012)). A trial court may not include an instruction that focuses the jury's attention on a specific type of evidence that may support a finding of an element of an offense because such an instruction may constitute an improper comment on the weight of the evidence. *Kirsch*, 357 S.W.3d at 651 (citing *Walters v. State*, 247 S.W.3d 204, 212 (Tex. Crim. App. 2007)). "Even a judge's innocent attempt to provide clarity for the jury by including a neutral instruction can result in an impermissible comment on the weight of the evidence[.]" *Beltran De La Torre v. State*, 583 S.W.3d 613, 617 (Tex. Crim. App. 2019) (citation omitted).

A statute's "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage." Tex. Gov't Code Ann. § 311.011(a); *Celis*, 416 S.W.3d at 423. "[T]he prescription of a mental state as to certain portions of a statute, but not as to others, is evidence that the Legislature intended to dispense with a mental state as to the latter." *Celis*, 416 S.W.3d at 423 (citing *Aguirre v. State*, 22 S.W.3d 463, 473 (Tex. Crim. App. 1999)). When the

offense occurred in 2000, the relevant portion of section 22.021 of the Texas Penal Code read as follows:

(a) A person commits an offense:

(1) if the person:

. . .

(B) intentionally or knowingly

(i)     causes the penetration of the anus or female sexual organ of a child by any means;

. . .

(iii)   causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor; [and]

. . .

(2) if:

. . .

(B) the victim is younger than 14 years of age[.]

. . .

Act of June 18, 1999, 76th Leg., R.S., ch. 417, § 1, 1999 Tex. Gen Laws 2752, 2752.

It is plain from the structure of the text in subsection (a)(1)(B) that the mental state prescribed–"intentionally or knowingly"–only modifies and applies to the elements listed in (a)(1)(B)(i)-(v) and does not apply to subsection (a)(2)(B), which concerns the child victim's age. *See id.*; *see also Celis*, 416 S.W.3d at 423; *Aguirre*, 22 S.W.3d at 473.

We note that in 1998, the Texas Court of Criminal Appeals interpreted the indecency-with-a-child-statute as dispensing with a mental state as to the child's age in keeping with "'the clear legislative intent[,]'" noting that to require the State to allege and prove that the appellant knew the child was under seventeen would establish ignorance or mistake as a defense and that the Legislature would have expressly included that requirement if it had intended to do so. *Johnson v. State*, 967 S.W.2d 848, 849 (Tex. Crim. App. 1998) (quoting *Vasquez v. State*, 622 S.W.2d 864, 866 (Tex. Crim. App. 1981)). In 2000, when the offense occurred, the State was not required to allege and prove knowledge of the age of the child victim because a child under the age fixed by statute was deemed in law to be incapable of consenting to an act of sexual intercourse, notwithstanding actual consent, ignorance of fact, or persuasion. *See Vasquez*, 622 S.W.2d at 866; *see also Black v. State*, 26 S.W.3d 895, 898–99 (Tex. Crim. App. 2000) (noting that the Legislature's desire to protect child victims independent of the offender's knowledge or intent with respect to the victim's age is found in several Penal Code sections involving children as victims).

Additionally, the record shows that before it allowed the State's instruction, the trial judge considered whether the instruction was authorized by statute and that settled case law concluded that the culpable mental state did not attach to the victim's age. We conclude the trial court did not err by including the State's instruction regarding the applicable law in the jury charge because it clarified the state of law

15

to the jury, was not a non-statutory presumption that amounted to an improper comment on the weight of the evidence, did not single out a specific type of evidence needed to prove an element of the offense, and did not work to decrease the State's burden of proof. *See Brown v. State*, 122 S.W.3d 794, 799–801 (Tex. Crim. App. 2003). Having concluded there was no error in including the requested instruction, we need not conduct a harm analysis. *See Celis*, 416 S.W.3d at 423. We overrule issues three and four.

In issue five, Hamilton argues the trial court erred by preventing him from explaining the law concerning the elements of the offense to the jury. Hamilton asserts that he was entitled to argue the elements of the offense as set out in the indictment and contained in the jury charge, and by sustaining the State's objection, the trial court implied to the jury that the State was not required to prove the elements of the offense.

We review a trial court's ruling on the State's objection to Hamilton's jury argument for abuse of discretion. *See Davis v. State*, 329 S.W.3d 798, 825 (Tex. Crim. App. 2010). The trial court has broad discretion in controlling the scope of the closing argument, and the trial court abuses that discretion if its decision is arbitrary or unreasonable. *Wilson v. State*, 473 S.W.3d 889, 902 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd). A defendant is not entitled to make a jury argument that misstates the law or is contrary to the court's charge. *See Thomas v. State*, 336

16

S.W.3d 703, 713 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). We determine de novo whether a defendant has misstated the law during jury argument. *See id.*

We note that during the pretrial hearing, the State argued that Hamilton's mistake of fact regarding the victim's age was not an affirmative defense to aggravated sexual assault of a victim under fourteen years old, and the trial court agreed that the mistake of fact affirmative defense did not apply and explained that it would not allow a jury nullification argument based on Hamilton's purported belief that the victim was fifteen years old. The following is the relevant section of the jury argument:

> [DEFENSE]: . . . The elements of the offense include proving that this person here, this actual person - - not somebody with his name, not somebody posing as another person using someone's else name for something they shouldn't have done, intentionally and knowingly had sex with a person under 14. Those are the elements. That's what the State has to prove happened - - finish?
>
> [THE STATE]: Objection, Your Honor. The charge is clear. The State does not have to prove that the intent goes to the victim's age.
>
> [DEFENSE]: I'm not saying it does, Judge. I didn't say that at all.
>
> [THE STATE]: This slide, intentionally and knowingly having sex with a person under 14 years says exactly that.
>
> [DEFENSE]: It's exactly what the elements read, Judge. It's exactly what the elements read.
>
> [THE COURT]: Objection's sustained.

17

[DEFENSE]: You will be able to look at what the elements are. Right here it says (Reading): The defendant intentionally or knowingly caused the penetration of the female organ or another person by any means.

. . .

In issues three and four, we have already explained that the State was not required to prove that Hamilton intentionally or knowingly had sex with a child victim who was under fourteen years of age because the settled case law concluded that the culpable mental state did not attach to the victim's age. Accordingly, Hamilton's jury argument that the elements of the offense including proving that he intentionally and knowingly had sex with a person under fourteen misstated the law and was contrary to the court's charge. *See Thomas*, 336 S.W.3d at 713. We conclude the trial court did not abuse its discretion by sustaining the State's objection to Hamilton's improper jury argument. *See Davis*, 329 S.W.3d at 825; *Thomas*, 336 S.W.3d at 713. We overrule issue five. Having overruled each of Hamilton's issues, we affirm the trial court's judgment.

AFFIRMED.

_____
W. SCOTT GOLEMON
Chief Justice

Submitted on May 5, 2023
Opinion Delivered June 14, 2023
Do Not Publish

Before Golemon, C.J., Horton and Wright, JJ.

18